356 P.2d 275

William K. HOWARD, Ruth N. Howard, Robert D. Howard, and Shirley L. Howard, Plaintiffs and Appellants,

v.

Mildred M. HOWARD and Walker Bank & Trust Co., as administrator of the Estate of L. W. Howard, Deceased, Defendants and Respondents.

No. 9223.

Supreme Court of Utah.

Oct. 20, 1960.

Callister, and Henriod, JJ., dissented.

Perris S. Jensen, Salt Lake City, for appellant.

Backman, Backman & Clark, Salt Lake City, for respondent.

WADE, Justice.

William K. Howard, and others, the appellants herein, were plaintiffs in a suit in the district court wherein they obtained a judgment on July 9, 1958, that a certain deed wherein the property in dispute was conveyed to Mildred M. Howard was null and void for uncertainty in the description. Within five days after this judgment was obtained the attorneys for Mildred M. Howard served and filed a paper entitled "Notice of Intention to Move for New Trial" which stated:

"You and each of you will please take notice that the defendant, Mildred M. Howard intends to move the above entitled court to vacate and set aside the judgment and decision of the court rendered in the above-entitled action, and to grant a new trial of said cause upon the following grounds materially affecting the substantial rights of said defendant, to-wit:

"1. Irregularity in the proceedings of the court by which defendant Mildred M. Howard was prevented from having a fair trial.

"2. That the decision is against law.

"*Said motion* with respect to the cause mentioned *in the first ground is made* upon affidavit herewith attached and served upon you and upon the minutes of the court, and *in respect*

*to the second ground said motion is made* upon the minutes of the court and upon all of the records in this case." (Emphasis added.)

About fifteen months after the filing of the above instrument the plaintiffs in that action and the appellants herein filed a suit for declaratory judgment asking the court to find that the document entitled "Notice of Intention to Move for New Trial" was a legal nullity and declaring the judgment of July 9, 1958, to be a final judgment because the defendants in that action had failed to file an appeal within the time prescribed by law.

The plaintiffs and defendant Mildred M. Howard in the suit for a declaratory judgment each moved for a summary judgment under the provisions of Rule 56 U.R.C.P. The court denied the plaintiffs' motion but granted Mildred M. Howard's motion for summary judgment upon finding that there is a valid motion for new trial in the original action between the parties and the time for appeal has not expired. The court dismissed plaintiffs' suit as "no cause for action." Plaintiffs appeal from that judgment.

The determinative question of this appeal is whether the instrument we have quoted above entitled "Notice of Intention to Move for New Trial" was in fact a motion for new trial. It is conceded that if the substance of the instrument is in fact a motion for a new trial the fact that it is improperly captioned would not affect the nature of the instrument.[1] The grounds set forth in the instrument as bases for motion for a new trial are under Rule 59(a) U.R.C.P. among the grounds set forth in subsections (1) and (7) upon which a new trial may be granted. Section (c) of Rule 59 requires that the ground set forth in subsection (1) pertaining to irregularity in the proceedings of the court be supported by affidavit. There is no such requirement for subsection (7) pertaining to error in law. The instrument conforms to the requirements of the rule in that it is stated therein that "said motion with respect to the cause mentioned in the first ground is made upon affidavit herewith attached. * * *" It is to be noted further that defendant in this instrument referred to it as a motion and even though in the first paragraph there is a statement that she intends to move the court for a new trial on the grounds stated therein, she concludes by saying that said motion is made on the cause mentioned in the first ground upon affidavit and the minutes of the court and that the "second ground [of] said motion is made upon the minutes of the court and upon all of the records in this case." This indicates that the defendant included both an intention to move and a motion.

1. Lund v. Third Judicial District Court, 90 Utah 433, 62 P.2d 278.

for a new trial in the one instrument. Although under the rules there is no necessity to show an intention to move for a new trial, such surplusage does not change the substance of that portion of the instrument which is sufficient to advise the adverse party that a motion for a new trial is being made on the grounds outlined therein.

■ The basic and undisputed fact is that there was a motion filed in the original case and that it was undisposed of. Counsel contends that this motion was a nullity because it did not follow the form set out by Rule 59(a). However, this document met the basic requirements of a pleading: that is, to advise the opponent and the court of the issues raised. This is in accord with the requirements of Section 68-3-2 U.C.A.1953, which provides that "[T]he statutes establish the laws of this state * * * and all proceedings under them are to be liberally construed * * * to promote justice." Also, our Rules of Civil Procedure, Rule 1(a), provides that, "[T]hey shall be liberally construed to secure the just, speedy, and inexpensive determination of every action." To this effect see Taylor v. E. M. Royle, 1 Utah 2d 175, 264 P.2d 279; Morris v. Russell, 120 Utah 545, 236 P.2d 451, 26 A.L.R.2d 947.

■ It is appellants' contention that even though this court should decide, as we have, that the instrument was intended to be a motion for a new trial, it nevertheless fails of such purpose because it does not set forth the grounds for new trial with the particularity required by Rule 7(b) (1) U.R.C.P. We do not agree. The only purpose for requiring particularization of the grounds upon which a motion for new trial is made is to inform the court and the other party of the theories upon which the new trial is sought. Without deciding the merits of the theories upon which the new trial was sought, the defendant therein did file an affidavit with the motion setting forth such theories and though such affidavit is not in the record brought to this court, appellants quote therefrom in their brief. From such quotation it appears to us that the court and parties could be sufficiently advised of the theories upon which a new trial was sought on the first ground and since the judgment was on the pleadings in that case, the court and parties were also sufficiently advised as to the theory for the second ground which was made on the minutes and the records in that case.

■ Appellants also contend that the motion for new trial was a nullity because no notice of the hearing thereof was served with the written motion as required by Rule 6(d) U.R.C.P. and such notice under the rules is an integral part of a motion. That portion of the rule which is applicable here reads:

"A written motion, * * * and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court * * *."

From the fact that Rule 6(d) provides that the notice of a hearing of a motion must be served not later than five days before the time specified for the hearing unless a different period is fixed by these rules or by the court, it does not follow that the notice is an integral part of a motion. The rule merely requires that a written motion and a notice must be served and that the notice must be served at least five days before the time specified for hearing unless the court or rules fix a different period for the time within which the notice must be served. It does not require that the motion be served within five days of the time specified for hearing. This rule was not intended to change the procedure whereby a motion could be called up at any time the parties desired to do so. It merely requires that at least five days' notice of such hearing be given unless otherwise provided.

Plaintiffs' counsel also contends that the motion was not called up for 15 months, which should be regarded as an abandon-

ment. However, he has no cause for complaint for he could have called the motion up at any time.[2] Instead of making such a motion he brought a separate action for a declaratory judgment.

There being a motion for a new trial before the court which had not been acted upon, there was no final judgment and time for appeal had not begun to run[3] when appellants filed their suit for declaratory judgment. The court therefore did not err in granting defendant Mildred M. Howard's motion for a summary judgment.

Affirmed. Costs to respondent Mildred M. Howard.

CROCKETT, C. J., and McDONOUGH, J., concur.

CALLISTER, Justice (dissenting).

I dissent. The Utah Rules of Civil Procedure have been in effect since January 1, 1950—long enough to afford members of the bar an opportunity to read them.

Granted, Rule 1(a) provides that the rules "shall be liberally construed to secure the just, speedy, and inexpensive determination of every action." However, it is expected that they be followed.[1]

Rule 7(b) (1), which deals with motions, reads in part that:

2. Crystal Lime & Cement Co. v. Robbins, 8 Utah 2d 389, 335 P.2d 624.
3. Rule 73(a) U.R.C.P.

1. Holton v. Holton, 121 Utah 451, 243 P. 2d 438.

"An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

In the instant case the "Notice Of Intention To Move For A New Trial" is certainly not an application for an order of the court. It is merely a notice of an intention to make an application to the court. In the body of the instrument it is stated the defendant "intends to move" the court for a new trial. A statement of intention is not the doing of the act.[2]

It may well be that there is authority to the effect that an improper caption will not necessarily affect the nature of the instrument. However, it is interesting to note that the committee which formulated our Civil Rules of Procedure had this to say in their foreword:

"The Appendix of Forms contains a number of suggested forms for the purpose of illustrating the informality of pleading and practice intended by the rules. However, each pleading, motion and other paper should be properly captioned and identify the subject matter contained therein."

An attorney, upon being served with the instrument in question, could logically and reasonably assume that it was not a motion for a new trial.

In Holton v. Holton (footnote 1) this court held that failure to comply with our Civil Rules of Procedure should be excused only when satisfactory reasons are advanced for such failure. In my opinion failure to read the rules is not a satisfactory reason.

HENRIOD, J., concurs in the dissenting opinion of CALLISTER, J.

2. Hallinan v. Prindle, 220 Cal. 46, 29 P.2d 202.