469 P.2d 1

**UTAH STATE EMPLOYEES CREDIT UNION, Plaintiff and Appellant,**

v.

**Anthony R. RIDING and Anita E. Riding, his wife, Vaughn R. Anderson, and Ilene R. Anderson, his wife, Defendants and Respondents.**

**No. 11695.**

Supreme Court of Utah.

May 8, 1970.

---

Ray M. Harding, Salt Lake City, for appellant.

Tex R. Olsen, of Olsen & Chamberlain, Richfield, for respondents.

HENRIOD, Justice.

Appeal from a judgment vacating summary judgment and order for sale of property. Reversed, with costs to the plaintiff Credit Union.

The Credit Union made a loan to the Ridings, who executed a note and an assignment of their purchasers' interest in a time-payment-real-estate contract, which latter was recorded on January 15, 1965. On March 6, 1965, the Ridings purportedly "assigned" their same rights in the same property to defendants Anderson. Such assignment was not recorded. On June 4, 1968, plaintiff sued Ridings to foreclose their interest because of default[1] in payments on the note, and joined defendants Anderson to bar any rights they might assert under their purported assignment.

The Ridings, who had been served personally in Idaho defaulted and such default was reduced to judgment. Andersons answered the complaint on information and belief and denial, which, as written, amounted to a general denial.

On motion for summary judgment plaintiff introduced the note, the purchase contract, the assignment thereof, the ledger account showing payments made and reflecting the resulting delinquency, and the purported second assignment to Andersons. There seems to be no escape from the conclusion that at that time plaintiff had a subsisting, recorded claim against Ridings' interest in the real property, which plaintiff could assert, superior to Andersons, whose pleading and the record up to that time did not reflect otherwise. The trial

---

1. Ridings have taken bankruptcy in the meantime.

court, after taking the matter under advisement, signed an order on January 21, 1969, and granted plaintiffs the relief prayed, saying:

> The Defendants Riding borrowed * * * $3,509.81 and to secure payment * * * assigned to Plaintiff their entire interest in a contract of sale between Defendants Riding and Swapps * * * dated 1–1–63. * * * The assignment was dated 12–17–62 and was recorded * * * on 12–31–62. The Defendants Riding * * * and the plaintiff wrote a new note and assignment for $3,254.61 and this * * * was recorded on 1–15–65. On 3–6–65 Swapps and Ridings made an assignment of this original contract * * * to the Defendants Anderson. This assignment covered the same contract of sale between the Swapps and the Ridings which had been recorded on 12–31–62. There is some dispute in the testimony as to who was in possession * * * on 1–15–65 when this second assignment was recorded. This dispute is of little if any consequence since the Defendants Anderson rely on their assignment of 3–6–65. The Defendants Anderson are charged with such notice as is shown on the records of Kane County. Had they made the inquiry they were obliged to make, they would have learned of the assignment * * * to this Plaintiff. This record imparts notice to all persons. It is elemental that priorities are determined by successive recordings. The applicable statutory provisions defeat any claim the Defendants Anderson may have acquired by reason of their assignment.

> Thereafter, the court signed an order of foreclosure on January 30, 1969.

On February 10, 1969, Andersons moved to vacate this judgment, and supported their motion with a rather lengthy memorandum.

■ The trial judge denied the motion to vacate on May 7, 1969. His reasons, which we think were dispositive here, were as follows:

> The Motion to Vacate sets out four grounds upon which Defendants rely. No. 1 of said four, alleges the Motion for Summary was granted without proof, (2) proof of the amount due and method of disposing of the security and other material matters was required; (3) the issue of possession as *controlling priority* required proof; and (4) whether the contract relied upon by Plaintiff was terminated, and whether or not Defendant Anderson's interest was derived from other sources.

> The Defendant has offered no proof of either of the foregoing grounds, save the denial formed in the Answer.

We believe and hold the trial court's orders at this juncture as between the

plaintiff and Andersons were correct and in consonance with the record.

After the decisions above, the Andersons, on May 28, 1969, filed a Motion to Reconsider the judgment denying the motion to vacate, and to vacate it. Under the record here, we are unaware of any such motion under our rules, but assuming such a motion for some unusual reason could be entertained rather than pursuing an appeal, the only bases for the motion here were 1) that Ridings were indispensable parties to the suit and 2) that evidence should be introduced to determine priority of the assignments, the amount due under the contract and the equity sought to be foreclosed.

The trial court, ex parte and *without any notice* to the plaintiff, granted the Andersons' motion to vacate on May 27, 1969, apparently one day before the motion was filed, but undoubtedly on the same day, and based its vacating order on 1) above: Indispensability of parties.

The record shows that matters under 2) supra were in evidence and specifically disposed of in the judgment, and that 1) supra was satisfied, since Ridings already *were* parties to this action,—no one having claimed otherwise before judgment and the Andersons hardly being in a position to act *for* the Ridings, and certainly vulnerable to principles of estoppel. Andersons'

complaint, if any, seems to lie against Ridings, not this plaintiff.

We think the motion to reconsider the motion to vacate the judgment is abortive under the rules, but even if it weren't, it was error under the rules to hear and act upon it without notice.[2] We conclude that the judgment of foreclosure, unappealed from, must stand absent any timely appeal.

CALLISTER, TUCKETT, and ELLETT, JJ., concur.

CROCKETT, C. J., concurs in the result.

---

2. See Rule 60(b), Utah Rules of Civil Procedure.