**WESTERN PACIFIC TRANSPORT COMPANY, Plaintiff and Respondent,**

v.

**BEEHIVE STATE AGRICULTURAL CO-OP, Defendant and Appellant.**

No. 16056.

Supreme Court of Utah.

June 2, 1979.

Wendell P. Ables, Salt Lake City, for defendant and appellant.

E. Craig Smay, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Plaintiff Western Pacific Transport brought this action against the defendant Beehive State Agricultural Co-op to recover damages, alleging that defendant had wrongfully held possession of a trailer. On the basis of the pleadings and affidavits, the trial court granted plaintiff's motion for summary judgment. Defendant appeals contending that there were disputed issues of material fact which if resolved in its favor would at least substantially reduce the amount of the judgment.

Plaintiff filed its complaint in April 1977. It alleged that the defendant had been in wrongful possession of the trailer for 210 days and prayed for damages of $10 per day. Defendant answered, denying those allegations. Thereafter, on September 9, 1977, plaintiff served on the defendant Interrogatories, and a Request for Admissions of material facts relative to the liability claimed. The defendant did not respond;[1] and on May 25, 1978, plaintiff moved for summary judgment, appending an affidavit by Lloyd Bjorge, plaintiff's manager, which stated that it was required to pay $10 per day rental for the trailer, and attached a copy of the lease agreement to the affidavit.

---

1. Rule 36, U.R.C.P. (1953) provides: "A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b) . . . . *The matter is admitted unless, within* thirty days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . ."

■ There were concededly some procedural delays in this case chargeable to the defendant. Action on plaintiff's motion for summary judgment was continued to allow defendant to file a counter-affidavit. Accordingly, on July 26, 1978, the defendant filed such an affidavit by its President, Mr. Kenneth Lynch. It was represented to the court that Mr. Lynch had been out of town and unavailable to sign the affidavit, so his attorney signed it. Despite plaintiff's argument to the contrary, we see no impropriety in his doing so; his attorney, or any witness who has knowledge of the facts, could make such an affidavit.[2] The averments of the affidavit stand unchallenged because the record does not disclose that there was any motion to strike or otherwise attack it in the district court.[3]

■ Plaintiff's complaint alleged that "The reasonable value of the use and possession of [the trailer], and the amount plaintiff has been required to pay the owner thereof . . . is ten dollars per day." Defendant, in its answer denied this allegation and also in the counter-affidavit by Mr. Lynch asserted that the reasonable value of possession of the trailer, based on prior dealings with the plaintiff and other such transactions, should be substantially less than $10 per day. His affidavit further averred that the storage of the trailer imposed considerable difficulty and responsibility upon the defendant; and that the defendant is entitled to be compensated for the reasonable value of the storage and care of the trailer, for which it should be allowed a "set-off" as against any charge for its possession.[4]

■ We are entirely cognizant of the advantages of the summary judgment procedure in saving the time, effort and expense of a trial when it clearly appears that there are no disputed issues of material facts and the court can therefore rule for the moving party as a matter of law.[5] However, the granting of such a motion fails of that objective, and the hoped for advantages are not only lost, but there actually results a greater expenditure of time and effort if there are such disputed issues to be resolved and the granting of such a motion is not justified.[6] From what has been set forth above, it should be plain that in this case there are such disputed issues which ought to be tried. The motion was improperly granted and it is necessary that the case be remanded for trial. Costs to appellant (defendant).

MAUGHAN, HALL, WILKINS and STEWART, JJ., concur.

---

2. See Rule 56(e), U.R.C.P.; and 2A C.J.S. 441; 3 Am.Jur.2d 382.

3. See *Fox v. Allstate Ins. Co.*, 22 Utah 2d 383, 453 P.2d 701 (1969).

4. We so state in awareness that ordinarily one who is in wrongful possession of the property of another would not be entitled to compensation for safe-keeping or storing it, but it may be otherwise under exceptional circumstances. See 18 Am.Jur.2d 222.

5. *Brandt v. Springville Banking Company*, 10 Utah 2d 350, 353 P.2d 460 (1960); *Zampos v. United States Smelting, Refining & Mining Co.*, 206 F.2d 171 (10th Cir. 1953).

6. *Reliable Furniture Company v. Fidelity and Guaranty Insurance Underwriters, Inc.*, 16 Utah 2d 211, 398 P.2d 685 (1965).