Lucille Jesse Moffat **THORNOCK** et al., **Plaintiffs and Respondents,**

v.

Lois S. **COOK** et al., **Defendants and Appellant.**

No. 16231.

Supreme Court of Utah.

Dec. 24, 1979.

Milton A. Oman, Salt Lake City, for defendants and appellant.

LeRoy S. Axland, Larry G. Reed of Suitter, Axland & Armstrong, Robert Walter Jensen (with them on the brief), Salt Lake City, for plaintiffs and respondents.

STEWART, Justice:

Plaintiffs, heirs of Aden Woodruff Thornock, initiated this action for the purpose of quieting title to mineral rights, allegedly reserved to Thornock, in real property owned by defendant Lois Cook. The trial court granted summary judgment for plaintiffs. We affirm.

Thornock received the land subject to the present dispute by a deed dated April 25, 1947. On May 14, 1950, a contract was executed by and between Thornock, party of the first part, and Lawrence B. Johnson, party of the second part, for the sale of the subject property. The contract contained the following provision:

> No. 5. The party of the first part herein reserves all rights according to what rights may have been conferred in the patents to the above-described land for all coal, oil and other minerals on the above-described land.

Pursuant to the contract, on June 30, 1950, a warranty deed was executed, conveying the subject property, except for a 40-acre tract, to Lawrence B. Johnson. That deed contained an error regarding the mineral rights reserved to Thornock by the terms of the contract. The deed provided:

> Reserving to the *grantees* herein all coal, oil and other minerals as may have been granted in the original patents to the above-described land. [Emphasis added.]

On December 1, 1952, Howland J. Cook, now deceased, and defendant Lois S. Cook obtained title to the property, again except for the 40-acre tract,[1] through a warranty deed executed by Lawrence B. Johnson and his wife. That deed perpetuated the erroneous language reserving the mineral rights to the grantee.[2]

To alleviate any confusion generated by the error in the reservation clause, and to satisfy potential lessees of the mineral estate with whom he was negotiating, Thornock requested the Cooks to execute a quitclaim deed as to the mineral rights in the subject property. A document entitled "Quitclaim Deed for Coal, Oil and Other Minerals" was executed by Howland J. Cook and Lois S. Cook on September 2, 1959, and subsequently recorded. This deed describes the interest intended to be conveyed as follows:

> The Grantors [Howland J. Cook and Lois S. Cook] intend by this instrument to convey to the Grantee [Aden Thornock] only the rights reserved to the Grantee for coal, oil and other minerals as may have been granted in the original patents to the above-described land and as reserved . . . [in certain identified documents] . . . in the official records of Rich County, Utah.

Defendant Lois S. Cook has since challenged the validity of the quitclaim deed.

To definitively establish their claim to full mineral rights in the subject property, plaintiffs initiated a quiet title action against Lois S. Cook and other parties. Default judgments were granted against all defendants except Lois S. Cook. Following two hearings, the consideration of memoranda submitted by the parties, and the examination of the deeds and abstract of title, the trial court found there were no genuine issues of material fact and granted summary judgment in favor of plaintiffs.

On appeal defendant Cook contends that the trial court erred in entering summary judgment because there were triable issues of fact with respect to the validity of the quitclaim deed from the Cooks to Thornock. Cook also contends that Thornock's title was defective and that Cook holds title to all rights in the subject property by adverse possession.

---

1. By deed dated May 21, 1958, the apparent omission of the 40-acre tract from the two previous conveyances was cured by its conveyance from Aden W. and Lucille J. Thornock to Howland J., and Lois S. Cook.

2. The trial court found that the obvious meaning of the deeds was to reserve the mineral rights to the original grantor, Aden W. Thornock, a scrivener's error accounting for the reservation to "grantees." Neither party contests the finding of such error.

Our inquiry on review is whether there is any genuine issue as to any material fact, and if there is not, whether the plaintiffs are entitled to judgment as a matter of law. Rule 56(c), Utah Rules of Civil Procedure; *Frederick May & Co., Inc. v. Dunn,* 13 Utah 2d 40, 368 P.2d 266 (1962); *Bullock v. Deseret Dodge Truck Center, Inc.,* 11 Utah 2d 1, 354 P.2d 559 (1960). The defendant cannot rely upon the mere allegations or denials of her pleadings to avoid a summary judgment but must set forth specific facts showing that there is a genuine issue for trial, Rule 56(e), U.R.C.P.

Turning to Cook's first contention, we note that the trial court considered the deposition, documents, and affidavits and concluded that under the applicable law there was no material issue of fact and that plaintiffs had title to the subject mineral rights based on the reservation in the Thornock-Johnson deed and on the Cooks' quitclaim deed. Cook in her pleadings denied signing the deed and alternately claimed that the signatures on the deed were obtained under duress. However, in her deposition she testified as follows: that she signed the quitclaim deed; that the signature which purports to be that of Howland J. Cook appears to be that of her deceased husband; that she knows of no facts which would tend to indicate that the signatures on the quitclaim deed are not genuine; that the quitclaim deed was signed at the request of Aden Thornock and was the only document she signed at his request; that although she felt that Thornock had "hounded" her, she does not recall the substance of his actual statements, nor was she threatened or coerced by Thornock; that to her knowledge neither was her deceased husband threatened or coerced; and that Thornock was not present when the quitclaim deed was signed. Nothing in her testimony supports a claim of legal invalidity of the deed. Cook has presented no evidence that would support her allegation that there exists a question of fact on this issue.

Cook also attempts to raise additional factual issues. She points to the presence of a handwritten insertion on the first page of the two-page quitclaim deed and the fact that the signatures appeared alone on a second page that was not identical to the paper stock used for the first page because it lacked the name of the law firm preparing it. These allegations, in light of her deposition testimony, do not raise a material factual issue relating to the legal sufficiency of the deed.

As a matter of law, defendant's reliance on an adverse possession as a ground for setting aside the summary judgment is without merit. Cook contends that she has title through adverse possession rather than the recorded chain of title.[3] The short answer to this contention is that when surface and mineral rights have been severed, adverse possession of the surface rights does not result in adverse possession of the mineral interests. *Kanawha & Hocking Coal & Coke Co. v. Carbon County,* Utah, 535 P.2d 1139 (1975); *Uphoff v. Trustees of Tufts College,* 351 Ill. 146, 184 N.E. 213 (1932); *Douglass v. Mounce,* Okl., 303 P.2d 430 (1956). See also *Winslett v. Rozan,* 279 F.2d 654 (10th Cir. 1960). There is no allegation in this case that makes that principle inapplicable.

The allegations of the defendant as to the existence of genuine issues of material fact are without substance. The judgment of the court below is affirmed. Costs to Respondents.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**3.** Although Cook argues that there is a defect in Thornock's chain of title, in a quiet title action the plaintiff need only make a prima facie showing that he has title which, if not overcome by defendant, is sufficient, *Babcock v. Dangerfield,* 98 Utah 10, 94 P.2d 862 (1939).

Thornock has demonstrated record title to the mineral rights; any defect proven by Cook would also invalidate her own record title to the surface rights, since Thornock's deed is in her chain of title, and hence would defeat her standing to challenge Thornock's title.