**Laverne C. PEAY, Plaintiff and Respondent,**

v.

**Lynn E. PEAY, Defendant and Appellant.**

**No. 16314.**

Supreme Court of Utah.

Feb. 21, 1980.

Tom Jones, Salt Lake City, for defendant and appellant.

Don R. Petersen, Provo, for plaintiff and respondent.

HALL, Justice:

Defendant appeals the denial of his motion to vacate and set aside a decree of divorce.

The decree was entered on September 12, 1977, and by the terms thereof plaintiff was awarded $120.00 per month as and for the care and support of each of the two minor children of the parties, and $240.00 per month alimony. Shortly thereafter, defendant suffered a heart attack and on March 17, 1978, he petitioned the court to modify the decree of divorce.[1] Alternatively, defendant alleged that the decree should be vacated and set aside.[2] At a hearing on May 6, 1978, Judge Robert Bullock granted the petition for modification and ordered that child support be reduced to $1.00 per month for one child (the other child having apparently reached majority), and reduced alimony to $150.00 per month. Upon plaintiff's motion, the court then struck the motion to vacate and set aside. The court's written order was subsequently entered on July 10, 1978.

On July 16, 1978, defendant filed a "Motion for Reconsideration of Order Striking Petition and Motion for Relief from Final Judgment." That motion was heard and denied, not by Judge Bullock, but by Judge David Sam on January 23, 1979. No appeal was taken from that order.

On February 20, 1979, defendant filed a notice of appeal from Judge Bullock's order. On March 26, 1979, plaintiff moved to dismiss the appeal on grounds that it was untimely. This Court denied the motion to dismiss, and the matter is now before the Court for a determination.

As indicated supra, the original petition sought to modify the original decree and, in the alternative, to vacate and set aside the original decree. The trial court therefore had discretion as to the form of relief to be granted. Defendant's prayer for relief was fully satisfied when his motion for modification was granted and his alternative claim became moot. It would therefore appear that no appeal would lie from the court's striking of the motion to vacate and set aside the decree; indeed, such action by the trial court was meaningless.

Nevertheless, even if the motion to vacate and set aside was still viable after modification was granted, this appeal was not timely. Although we have previously denied plaintiff's motion to dismiss the appeal on the grounds that it was untimely, we are not precluded from now so ruling. As we recently held, the denial of a motion to dismiss does not necessarily constitute a ruling on the merits of the motion.[3] The trial court's final order on the original petition was entered on July 10, 1978. From that date, the parties had one month to appeal.[4] Because defendant's notice of appeal was not filed until February 20, 1979, we are without jurisdiction to rule upon the merits of his contention.[5]

As framed by the defendant, the appeal is specifically from Judge Bullock's

---

1. Pursuant to U.C.A.1953, 30–3–5.

2. Pursuant to Rule 60(b)(7), Utah Rules of Civil Procedure.

3. *Utah Department of Business Regulation v. Public Service Commission*, Utah, 602 P.2d 696 (1979).

4. Rule 73(a), Utah Rules of Civil Procedure.

5. *In Re Estate of Ratliff*, 19 Utah 2d 346, 431 P.2d 571 (1967).

order of July 10, 1978.[6] It is important to note in this regard that a party cannot extend the time for filing an appeal simply by filing a "Motion for Reconsideration of Order Striking Petition and Motion for Relief from Final Judgment." As this Court held in *Utah State Employees Credit Union v. Riding*,[7]

> Under the record here, we are unaware of any such motion under our rules . . ..

We think the motion to reconsider the motion to vacate the judgment is abortive under the rules . . . . We conclude that the judgment of foreclosure, unappealed from, must stand absent any timely appeal.

The reasoning behind such a ruling was articulated in *Drury v. Lunceford*[8] where the Court ruled as follows:

> When [a motion has been made] and the court has ruled upon the motion, if the party ruled against were permitted to go beyond the rules, make a motion for reconsideration, and persuade the judge to reverse himself, the question arises, why should not the other party who is now ruled against be permitted to make a motion for *re*-re-consideration, asking the court to again reverse himself?
>
> . . . . [T]he new rules of procedure . . . were designed to provide a pattern of regularity of procedure which the parties and the courts could follow and rely upon. . . . In order to avoid such a state of indecision for both the judge and the parties, practical expediency demands that there be some finality to the actions of the court; and he should not be in the position of having the further duty of acting as a court of review upon his own ruling. [Citation omitted.]

Furthermore, even if the so-called motion to reconsider were available in this jurisdiction, the motion was heard in the instant case, not by the judge who had previously ruled upon the matter (Judge Bullock) but by another judge of the same court (Judge Sam).[9] Judge Sam could not possibly "reconsider" Judge Bullock's ruling. At best, he could only "consider" the matter, but in so doing he would be placed in a position of reviewing the ruling of a fellow district judge—a practice generally not condoned.[10]

For the foregoing reasons, the appeal is hereby dismissed. Costs to plaintiff.

CROCKETT, C. J., and MAUGHAN and WILKINS, JJ., concur.

---

6. Defendant's single argument on appeal is that "the district court erred in granting plaintiff's motion to strike defendant's motion for relief from final judgment." Basically, the claim is that Judge Bullock abused his discretion in denying defendant's motion under Rule 60(b)(7).

7. 24 Utah 2d 211, 469 P.2d 1 (1970).

8. 18 Utah 2d 74, 415 P.2d 662 (1966).

9. Defendant claims that Judge Sam ruled on the motion only after Judge Bullock disqualified himself. The record is silent with respect to this assertion.

10. *Peterson v. Peterson*, Utah, 530 P.2d 821 (1974).