**ARMSTRONG RUBBER COMPANY, Plaintiff and Respondent,**

v.

**Kenneth BASTIAN, Defendant and Appellant.**

No. 17758.

Supreme Court of Utah.

Jan. 19, 1983.

George E. Mangan, Roosevelt, for defendant and appellant.

Rodney G. Snow, John L. Davis, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

This action was brought by the assignee of a seller under a real estate contract when the buyer defaulted. On January 2, 1981 the trial court entered its judgment and order granting plaintiff's motion for judgment on the pleadings. On January 5 defendant filed Objections to Plaintiff's Memorandum of Costs. On January 16 defendant mailed to plaintiff a copy of a motion (1) to stay proceedings (2) for rehearing and (3) for the court to rule on his Objections to Plaintiff's Memorandum of Costs. He requested oral argument on the motion. The motion was filed with the clerk of the court on January 19.

On February 9, by minute entry, the court set the motion for oral argument on April 20. On March 13 plaintiff filed its motion to vacate the setting for oral argument, together with a supporting memorandum. That motion was followed by plaintiff's letter to the court, dated April 8, with copy to opposing counsel. The letter requested a ruling on plaintiff's motion to vacate the setting for oral argument before the date which had been set because no opposing memoranda had been filed by defendant and because plaintiff had not been apprised of any grounds for the rehearing sought by defendant.

On April 14 the court granted plaintiff's motion to vacate the setting for oral argument and denied defendant's motion of January 16. A written order was filed on May 1 denying defendant's motion in its entirety with prejudice. The order made reference to defendant's failure to comply with both procedural and substantive requirements which would have allowed the plaintiff an opportunity to properly respond to defendant's motion. Defendant's timely appeal from that ruling was filed on May 20. The notice of appeal specifically states "This appeal is an appeal from the ruling of the district court regarding defendant's motion to stay, etc."

We note at the outset that both plaintiff and defendant have briefed this Court on the substantive issues adjudicated by the judgment and order filed on January 2. That judgment is not before us for review. A liberal construction of defendant's motion of January 16 (as mandated by Rule 1(a), Utah Rules of Civil Procedure)

insofar as he sought a "re-hearing" might allow for an interpretation that defendant intended to file under either Rule 52(b) (seeking amendment to the findings and judgment) or under Rule 59 (seeking a new trial) even though he did not so denominate it.[1] If the nature of the motion can be ascertained from the substance of the instrument, we have heretofore held that an improper caption is not fatal to that motion. *Howard v. Howard,* 11 Utah 2d 149, 152, 356 P.2d 275, 276 (1960). However, a motion under Rules 52(b) or 59 must be made within ten days from entry of judgment to place the opposing party on notice of the redress sought and to toll the time for appeal. Rule 73(a). Defendant's motion was filed on January 19 and bears a mailing certificate dated January 16. The deadline for a Rule 52(b) or Rule 59 motion would have been January 12. The trial court therefore properly denied the motion for a "rehearing." Furthermore, the time within which defendant could have taken an appeal from the judgment was not tolled and ended on February 2. Rule 73(a). "The purpose of Rule 73 is to make jurisdictional a failure to file the notice of appeal on time." *Holbrook v. Hodson,* 24 Utah 2d 120, 122, n. 2, 466 P.2d 843, 845, n. 2 (1970). The merits of the judgment therefore cannot be addressed on this appeal.

Only that part of defendant's motion requesting a stay of proceedings and a ruling on his previously filed Objections to Plaintiff's Memorandum of Costs is left to consider. As has been pointed out, no timely motion was filed in the trial court which would have permitted that court to re-examine its judgment and order. A stay of proceedings would have served no purpose and was properly denied. As to the propriety of certain costs claimed by the plaintiff in its Memorandum of Costs and included in the judgment and order, defendant has not favored us with any argument in his brief on that subject and we can only assume that he has abandoned his objection thereto.

The order denying defendant's motion is affirmed. Costs to plaintiff.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.

---

1. Neither a motion for "re-hearing" nor one for "re-consideration" is provided for by our rules of civil procedure. See *Drury v. Lunceford,* 18 Utah 2d 74, 415 P.2d 662 (1966).