**Elizabeth GALLARDO aka Elizabeth Rivera, Plaintiff and Respondent,**

v.

**Vern H. BOLINDER, Salt Lake County, Quality for Animal Life, Inc., and David Bolinder, Defendants and Petitioner.**

No. 900295.

Supreme Court of Utah.

Nov. 2, 1990.

Vern H. Bolinder, pro se.

Joseph H. Gallegos, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

*Pro se* petitioner Vern H. Bolinder challenges the decision of the Utah Court of Appeals dismissing his appeal as untimely. Bolinder filed a motion for relief from judgment within ten days after the trial court granted plaintiff summary judgment on her quiet title action. That motion was denied by unsigned minute entry. The trial court later entered its written order denying all post-judgment motions, and Bolinder then filed his notice of appeal. We hold that the appeal was timely, reverse the court of appeals' decision, and reinstate the appeal, which is to be considered on the merits in that forum.

Summary judgment was entered on April 24, 1989. Bolinder filed his motion for relief from judgment on May 1. On July 20, the trial court denied that motion by *unsigned* minute entry. On August 11, Bolinder filed a motion to set aside plaintiff's judgment, followed by a motion to stay execution and request for oral argument. On September 6, 1989, the trial court entered the following written order:

IT IS HEREBY ORDERED as follows:

That the Motion of Defendant Vern H. Bolinder for a Relief from the Summary Judgement [sic] heretofore entered in this matter in favor of Plaintiff Elizabeth Gallardo on April 24, 1989, be and the same is hereby DENIED.

Bolinder filed his notice of appeal on September 11. This court poured the case to the court of appeals.

The court of appeals, in dismissing the appeal as untimely, treated both the May 1 and August 11 motions as brought under rule 60(b) of the Utah Rules of Civil Procedure. The court of appeals concluded that the May motion was timely but did not toll the time for appeal and that the August motion was not timely, as it was filed more than three months after final judgment. The court of appeals also ruled that the August motion, if considered a rule 59 motion, was untimely to toll the time to file an appeal from the July 20 order.

■ A motion for relief from judgment, if filed within ten days after the entry of judgment, will be treated as a post-judgment motion tolling the time for appeal. "If the nature of the motion can be ascertained from the substance of the instrument, we have heretofore held that an improper caption is not fatal to that motion." *Armstrong Rubber Co. v. Bastian,* 657 P.2d 1346 (Utah 1983) (citing *Howard v. Howard,* 11 Utah 2d 149, 152, 356 P.2d 275, 276 (1960)). We construe the Rules of Civil Procedure liberally as urged by rule 1(a) and therefore hold that Bolinder's *pro se* May motion was timely and tolled the time for appeal. The denial of that motion on July 20 was by *unsigned* minute entry. An unsigned minute entry is not a final judgment for purposes of appeal. *South Salt Lake v. Burton,* 718 P.2d 405 (Utah 1986). The time for appeal from the April 24 judgment, tolled by Bolinder's timely post-judgment motion, started to run again on September 6, when the trial court entered its first signed order, denying all motions. The notice of appeal filed on September 11 was therefore timely. Utah R.App.P. 4(a).

We grant certiorari, without need for further briefing. The decision of the court of appeals is reversed and the appeal reinstated.