**WATKISS & CAMPBELL, a professional corporation, Plaintiff and Appellee,**

v.

**FOA & SON, a New York corporation, Defendant and Appellant.**

No. 890045.

Supreme Court of Utah.

March 22, 1991.

L. Charles Spafford, Chase Kimball, Salt Lake City, for defendant and appellant.

Vincent C. Rampton, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant Foa & Son appeals from a grant of plaintiff Watkiss & Campbell's motion for summary judgment. The district court determined that no genuine issue of material fact existed with respect to

1. No. 86–C–0330 W (D.Utah 1986).

the amount billed by plaintiff for legal services rendered.

In November 1986, Foa & Son ("Foa") retained the firm of Watkiss & Campbell ("Watkiss") to represent it in the case of *Daw, Inc. v. American Home Assurance Co.*,[1] pending in the United States District Court for the District of Utah, in which Daw sought damages from Foa in excess of $1 million. Watkiss obtained a dismissal in the case by filing motions for summary judgment and rule 11 sanctions which were eventually withdrawn by Foa in exchange for Daw's motion to dismiss the action.

Watkiss submitted bills to Foa for legal services in three separate statements totaling $40,583.07. Included in the bill was a charge of $10,000 for "exceptional result." Watkiss billed at an hourly rate of $110, whereas Foa claims that the agreed rate was $105 per hour.

Furthermore, Foa claims that Watkiss did not contact it for several months and then presented a substantial bill. Foa also claims that had it known the attorney fees would be so high, it would have turned the defense over to its insurance company because its liability coverage had a deductible of $10,000.

Foa refused to pay the bills submitted by Watkiss, and on August 26, 1987, the law firm filed this action to recover its fees. Foa appeared specially and filed a motion to dismiss for lack of personal jurisdiction under Utah Rule of Civil Procedure 12(b)(2). The trial court denied the motion to dismiss on September 12, 1988. After the trial court denied Foa's motion to dismiss, Foa filed an answer on September 19, 1988, asserting a number of affirmative defenses including defective service of process.

On October 21, 1988, Watkiss filed a motion for summary judgment and presented affidavits from opposing counsel and insurance companies in the *Daw* litigation. The affidavits stated that the attorneys were familiar with the work done in the *Daw* litigation and that the billing rates presented by Watkiss were reasonable.

Foa's counsel, L. Charles Spafford, presented his own personal counter-affidavit, stating that he was familiar with the billing practices in the region and that after reviewing the record in the case, he was of the opinion that Watkiss's bill was excessive.

The court heard arguments on Watkiss's motion for summary judgment on October 31, 1988, and apparently found that the Spafford affidavit was inadmissible. Consequently, the court granted summary judgment in favor of Watkiss.

On November 7, 1988, Foa filed a pleading entitled "exception to order and motion for reconsideration of summary judgment," which was denied on December 21, 1988. Following the denial of Foa's motion for reconsideration, it submitted a form of order to the court on December 28, 1988, which granted Foa thirty days following the date of the execution of the order in which to perfect its appeal. The court signed the order on January 3, 1989, and Foa filed this appeal on January 31, 1989.

Foa presents five issues on appeal: (1) whether Foa's filing of the motion for reconsideration tolled the statutory time period to perfect appeal, (2) whether the trial court erred in excluding the Spafford affidavit and granting summary judgment, (3) whether the assertion of the affirmative defense of defective service of process should have prevented summary judgment in favor of Watkiss, (4) whether the trial court erred in awarding Watkiss attorney fees in the present action, and (5) whether Watkiss is entitled to attorney fees or other sanctions in connection with this appeal.

## I. MOTION FOR RECONSIDERATION

Foa's first claim is that the filing of the exception to order and motion for reconsideration of summary judgment tolled the thirty-day time period within which to file a notice of appeal.[2] Rule of the Utah Supreme Court 4(b) states in pertinent part:

(b) Motions post judgment or order. If a timely motion under the Utah Rules of Civil Procedure is filed in the district court by any party: ... (3) under rule 59 to alter or amend the judgment; or (4) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Foa claims that the motion for reconsideration was made pursuant to Utah Rule of Civil Procedure 59. Watkiss claims that rule 59 does not envision or allow a "motion for reconsideration." Rule 59 states:

(a) Grounds. Subject to the provisions of Rule 61, a new trial may be granted to all or any of the parties and on all or part of the issues, for any of the following causes; provided, however, that on a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment:

(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion by which either party was prevented from having a fair trial.

. . . .

(3) Accident or surprise, which ordinary prudence could not have guarded against.

(4) Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

(5) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice.

---

2. Rule of the Utah Supreme Court 4(a) states:
 (a) *Appeal from final judgment and order.* In a case in which an appeal is permitted as a matter of right from the district court to the Supreme Court, the notice of appeal required

by rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....

(6) Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

(7) Error in law.

(b) Time for motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

....

(e) Motion to alter or amend a judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

In *Utah State Employees Credit Union v. Riding*,[3] a party filed a motion to reconsider a trial court's order of judgment. We stated: "[W]e are unaware of any such motion under our rules.... We think the motion to reconsider the motion to vacate the judgment is abortive under the rules...."[4]

Watkiss further asserts that the proper motion for Foa to have filed was a motion for a new trial. Indeed, in *Moon Lake Electric Association v. Ultrasystems Western Constructors*,[5] the Utah Court of Appeals stated:

Neither Utah R.Civ.P. 59 (new trial) nor Utah R.Civ.P. 56 (summary judgment) directly addresses the availability of a motion for a "new" trial following summary judgment. Our analysis of Rule 59(a) and the rationale behind it leads us to conclude that such a motion is, nonetheless, procedurally correct.[6]

There is, of course, a need for finality of judgments and orders. In *Drury v. Lunceford*,[7] a trial was held on the issue of damages alone, and the judge awarded $2,000 to the plaintiff. Two days later, the judge signed a document entitled "reconsideration," stating that upon reconsideration of the law the plaintiff was entitled to $4,800 damages. Two months later, the judge signed an order granting the defendant's motion for a new trial. One week later, the plaintiff filed a motion to reconsider granting the defendant's motion for a new trial. Four months later, the judge signed an order stating that the order granting a new trial was vacated and the $4,800 judgment was reinstated.

On appeal, we stated:

[I]f the party ruled against were permitted to go beyond the rules, make a motion for reconsideration, and persuade the judge to reverse himself, the question arises, why should not the other party who is now ruled against be permitted to make a motion for *re*-reconsideration, asking the court to again reverse himself? Tenacious litigants and lawyers might persist in motions, arguments and pressures and theoretically a judge could go on reversing himself periodically at the entreaties of one or the other of the parties ad infinitum.[8]

■ Nevertheless, had Foa appropriately entitled its motion as one for a new trial, the effect would have been to ask the court to reconsider the summary judgment, and it would have tolled the time period to file an appeal. Under the facts of this case, the incorrect title placed upon the pleading was not a bar to defendant's case.[9] Indeed, the record reflects that the judge ruled on the motion as if it were a motion

3. 24 Utah 2d 211, 469 P.2d 1 (1970).

4. *Id.* 469 P.2d at 3; *Tracy v. University of Utah Hosp.*, 619 P.2d 340, 342 (Utah 1980) (rules of civil procedure make no provision for a motion to reconsider); *see also Peay v. Peay*, 607 P.2d 841, 842–43 (Utah 1980) (a party cannot extend the time for filing an appeal simply by filing a "motion for reconsideration of order striking petition and motion for relief from final judgment"); *Salt Lake City Corp. v. James Constr.*, 761 P.2d 42, 44–45 (Utah Ct.App.1988) (approximately sixteen months had passed between the initial grant of summary judgment and the motion to reconsider); *McKee v. Williams*, 741 P.2d 978, 980 (Utah Ct.App.1987).

5. 767 P.2d 125 (Utah Ct.App.1988).

6. *Id.* at 127.

7. 18 Utah 2d 74, 415 P.2d 662 (1966).

8. *Id.* 415 P.2d at 663 (emphasis in original).

9. *See, e.g., Gallardo v. Bolinder*, 800 P.2d 816, 817 (Utah 1990) (per curiam); *Armstrong Rubber Co. v. Bastian*, 657 P.2d 1346, 1348 (Utah 1983); *Howard v. Howard*, 11 Utah 2d 149, 356 P.2d 275, 276 (1960).

for a new trial.[10] Because the court treated the motion to reconsider as a motion for a new trial, we conclude that the filing of the motion tolled the time in which to file an appeal. Thus, the time period to file an appeal began to run against Foa when the judge signed the order of denial.[11] Because the court signed the order on January 3, 1989, and Foa timely filed its notice of appeal on January 31, 1989, we are not without jurisdiction to hear this appeal.

## II. ATTORNEY AFFIDAVIT

We next address the issue of whether the affidavit of Foa's attorney was admissible to present a material fact that precluded summary judgment. Utah Rule of Civil Procedure 56(c) states that summary judgment "shall be rendered forthwith if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [12]

In addition, subsection (e) states:

(e) Form of affidavits: further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the instant case, Watkiss submitted affidavits from opposing counsel in the *Daw* litigation stating the amount of work that was done and that the Watkiss bill was reasonable. In compliance with rule 56(e), Foa submitted an affidavit from its counsel stating that (1) he is an attorney licensed to practice in Utah; (2) he is familiar with the billing practices of attorneys in the area; and (3) he had personally examined the billings of Watkiss and the work done and, in his opinion, the bill was unreasonable.

Watkiss first claims that attorneys cannot testify in an action in which they represent one of the parties. Indeed, Utah Rule of Professional Conduct 3.7 states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) The testimony relates to an uncontested issue;

(2) The testimony relates to the nature and value of legal services rendered in the case; or

(3) Disqualification of the lawyer would work substantial hardship on the client.

 Mr. Spafford's affidavit presented his personal testimony and opinion in the context of an expert witness; therefore, it was improper for Mr. Spafford to submit his affidavit and remain as counsel for Foa. Simply because an affidavit is submitted by counsel for one of the parties in litigation, however, does not ipso facto mean that it is inadmissible.[13]

---

10. *See Gallardo*, 800 P.2d at 817 (motion for relief from summary judgment treated as valid rule 59 motion).

11. The order signed by the court included a grant of Foa & Sons' request to file an appeal within thirty days pursuant to Rule of the Utah Supreme Court 4(b). The fact that the judge granted the request further indicates that the court treated the motion to reconsider as a valid motion for a new trial. Treating the motion to reconsider as a motion for a new trial eliminates the fears expressed in *Drury*.

12. *See Provo City Corp. v. State ex rel. Utah Dep't of Transp.*, 795 P.2d 1120, 1121 (Utah 1990).

13. In *Western Pacific Transport Co. v. Beehive State Agricultural Coop.*, 597 P.2d 854, 855 (Utah 1979), we stated that an "attorney or any witness who has knowledge of the facts, could make ... an affidavit." We note that this decision was issued before the Rules of Professional Conduct were adopted on January 1, 1988; nevertheless, the concept that attorneys may testify so long as they do not continue to represent a party is still valid.

■ Although Mr. Spafford's affidavit is admissible, we deem it to be generally inadvisable for members of the bar to testify in litigation where they personally represent a party. The need for the testimony of counsel must be compelling and must be necessary to preserve the cause of action as set forth in rule 3.7 above. In the instant case, the burden of finding another attorney to testify or submit an affidavit stating the same facts presented in the Spafford affidavit was low compared to the burden and costs thrust upon a client who, after its attorney has been disqualified by testifying, must retain a new attorney and orient that attorney to the case in a timely manner.

We have no record before us regarding the proceedings in the summary judgment hearing below. We note, however, that Watkiss should have objected to Mr. Spafford's continuing representation and that he should have been disqualified. Nevertheless, the admissibility of the affidavit should rest on grounds other than the fact that its source was from counsel for one of the parties.

■ Watkiss also maintains that the affidavit was inadmissible because it did not comply with the requirements of rule 56(e), in that Mr. Spafford was not competent to testify and that he was not familiar with the work done. First, Mr. Spafford's affidavit stated that he was licensed to practice law in Utah and was familiar with billing practices in the area. These statements were sufficient to qualify Mr. Spafford as competent to testify in the area of attorney fees.

Second, Mr. Spafford's affidavit stated that he was familiar with the case because he had reviewed "the pleadings, discovery, and other court documents in said action." It was unnecessary for Mr. Spafford to have been actually involved in the *Daw* litigation in order for him to express an opinion as to whether the rate charged for the work done was reasonable.

Mr. Spafford was competent to opine that the fees charged by Watkiss for the work done were unreasonable. The affidavit that was submitted by Mr. Spafford was sufficient to present a genuine issue of material fact, thus precluding summary judgment.[14]

## III. AFFIRMATIVE DEFENSE—DEFECTIVE SERVICE OF PROCESS

Foa claims that because it raised the affirmative defense of defective service of process in its answer, a genuine issue of material fact exists that precludes summary judgment. Watkiss claims that the defective service of process defense was waived for two reasons: first, Foa failed to raise the defense in its motion to dismiss for lack of jurisdiction as required under Utah Rules of Civil Procedure 12(b) and (h); second, Foa did not raise the issue of defective service of process during the summary judgment hearing but is now raising it for the first time on appeal.

Rule 12(b) provides in pertinent part:

(b) How Presented. Every defense, in law or fact, to claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (5) insufficiency of service of process.... [15]

In addition, rule 12(h) also provides in pertinent part: "(h) Waiver of defenses. A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply...." [16]

---

**14.** In *Dupler v. Yates*, 10 Utah 2d 251, 351 P.2d 624 (1960), we stated:
Rule 56 U.R.C.P. is not intended to provide a substitute for the regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends. And it should be invoked with caution to the end that litigants may be afforded a trial where there exists between them a bona fide dispute of material fact.
*Id.* 351 P.2d at 636–37 (citations omitted).

**15.** Utah R.Civ.P. 12(b).

**16.** Utah R.Civ.P. 12(h).

■ Foa was thus free to assert the defense of insufficiency of service of process by way of answer, or it had the option of raising it by motion. Nevertheless, Watkiss urges that the rule precludes the filing of more than one motion to dismiss, and since Foa filed one such motion which did not include the defense of insufficiency of service of process, the defense was waived. No authority is cited for that interpretation, and indeed, it appears that there is none in this jurisdiction. However, a number of federal jurisdictions have addressed the issue whether rule 12(b) defenses not included in a pre-answer motion may be asserted in an answer and not thereby be deemed waived. Prior to 1966, there was some divergence of opinion in the federal jurisdictions. However, Professor Moore has observed that the "better reasoned" cases, decided under a version of the federal rule that tracked the present Utah rule, held that such defenses were waived.[17]

The federal rule was amended in 1966 to make the waiver explicit, which under the "better reasoned" view had previously been implicit in the rule.[18] It is evident that the policy of rule 12(h) of the Utah Rules of Civil Procedure is to require all such motions to be presented for decision early and all at the same time so as to promote judicial efficiency and to reduce litigation expenses. We therefore hold that the affirmative defense of defective service of process is barred by waiver.

■ Also dispositive of the affirmative defense issue is the failure on the part of Foa to specifically raise the issue of defective service of process at the time of the summary judgment hearing.

Utah Rule of Civil Procedure 56(e) provides in pertinent part:

When a motion for summary judgment is made and supported as is provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Foa was thus obligated to do more than simply rely upon the allegations contained in its pleadings.[19] Not having done so, either by the filing of counter-affidavits or on appropriate cross-motion for summary judgment, the issue was not raised and cannot now be raised for the first time on appeal.

## IV. ATTORNEY FEES

Foa's final claim is that the trial court erred in awarding $5,000 in attorney fees to Watkiss. Utah has consistently followed the well-established rule that attorney fees cannot be recovered unless provided for by contract or statute.[20] In the instant case, the parties do not dispute the fact that no written retainer was signed and therefore no contractual claim for attorney fees may be sought.

The parties do, however, dispute the award of attorney fees pursuant to statute. The statutory award of attorney fees is governed principally by Utah Code Ann. § 78-27-56 (1988), which states:

(1) In civil actions, the court shall award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith, except under Subsection (2).

(2) The court, in its discretion, may award no fees or limited fees against a

---

**17.** *Branic v. Wheeling Steel Corp.,* 152 F.2d 887, 888 (3d Cir.1945); *Keefe v. Derounian,* 6 F.R.D. 11, 12–13 (N.D.Ill.1946).

**18.** 2A J. Moore, *Moore's Federal Practice,* para. 12.23, at 12–195 n. 6 (2d ed. 1990).

**19.** *Hall v. Fitzgerald,* 671 P.2d 224, 226–27 (Utah 1983); *Thornock v. Cook,* 604 P.2d 934, 936 (Utah 1979); *Dupler v. Yates,* 10 Utah 2d 251, 351 P.2d 624, 636 (1960).

**20.** *See, e.g., Canyon Country Store v. Bracey,* 781 P.2d 414, 419–20 (Utah 1989); *Turtle Management, Inc. v. Haggis Management,* 645 P.2d 667, 671 (Utah 1982).

party under Subsection (1), but only if the court:

> (a) finds the party has filed an affidavit of impecuniosity in the action before the court; or

> (b) the court enters in the record the reason for not awarding fees under the provisions of Subsection (1).

■ Watkiss claims that section 78–27–56 requires the court to award attorney fees to a prevailing party and that when the court does not award attorney fees or awards only limited fees, the court is required to enter specific findings as to why the full amount requested was not awarded. Section 78–27–56 clearly states, however, that the court shall award attorney fees to the prevailing party only if it determines (1) that the action is without merit and (2) that the action was brought in bad faith.[21] If the court finds both elements of the statute, then it has no discretion and must award reasonable attorney fees to the prevailing party.

In *Amica Mutual Insurance Co. v. Schettler,*[22] the Utah Court of Appeals stated that when a party seeks recovery of attorney fees under section 78–27–56, the trial court must make specific findings with regard to each element of the statute.[23] Specific findings further the ends of justice by allowing appeals courts to better review the trial court's award. Without specific findings, a reviewing court cannot determine whether the award of attorney fees was based upon a meritless claim brought in bad faith or simply because the recovering party prevailed.

■ A party may bring a good faith action and not prevail. Failure of a cause of action or defense does not automatically require the losing party to pay costs. If

we were to adopt such an approach, parties who had difficult but valid claims would be economically precluded from bringing suit.

In any event, the attorney fee issue is moot in light of our determination that genuine issues of material fact precluded the entry of summary judgment.

Reversed and remanded for resolution of the additional factual issues raised by the Spafford affidavit. Costs to defendant.

HOWE, C.J., DURHAM, J., and NORMAN H. JACKSON, Court of Appeals Judge.

STEWART, Justice (dissenting):

I dissent. I would affirm the trial court's summary judgment because defendant's affidavits were so conclusory that they lacked the necessary factual specificity under Rule 56 of the Utah Rules of Civil Procedure to create a genuine issue of material fact.

Furthermore, I disagree with the conclusion that the notice of appeal was timely filed, although I do agree generally that a "motion to reconsider" may extend the time for filing a notice of appeal when the motion can be deemed to be the equivalent of a motion for a new trial under Rule 59 of the Utah Rules of Civil Procedure.

However, defendant's motion to reconsider did not purport in any way to be a motion for a new trial. In fact, the motion was argued in the trial court as a motion under Rule 60(b) of the Utah Rules of Civil Procedure. A Rule 60(b) motion does not extend the time for filing a notice of appeal. *See* Rule 4(b), Rules of the Utah Supreme Court.[1] Because defendant styled the motion as a motion for reconsideration and then argued it as a Rule 60(b)

---

21. *See, e.g., Cady v. Johnson,* 671 P.2d 149, 151–52 (Utah 1983).

22. 768 P.2d 950 (Utah Ct.App.1989).

23. *Id.* 768 P.2d at 966.

1. Rule 4(b) provided in part:
 If a timely motion under the Utah Rules of Civil Procedure is filed in the district court by any party: (1) for judgment under Rule 50(b); (2) under Rule 52(b) to amend or make addi-

tional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59 to alter or amend the judgment; or (4) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.
The current provision is Rule 4(b) of the Utah Rules of Appellate Procedure.

motion, defendant should be left in the procedural posture it has chosen for itself. Concededly, we are typically indulgent in overlooking procedural mistakes in favor of promoting litigation on the merits of a dispute. However, under these circumstances, I would take defendant's motion for what it was represented to be—a Rule 60(b) motion—and would dismiss the appeal for lack of jurisdiction. When a Rule 60(b) motion is filed, the opposing side should be able to plan its affairs and strategy in the expectation that the appeal time will not be extended. If this case were treated as an appeal from a denial of a Rule 60(b) motion, the notice of appeal was clearly filed too late.

Nevertheless, I agree that as a general proposition a motion to reconsider is not simply a nullity. In prior cases, *e.g., Peay v. Peay,* 607 P.2d 841 (Utah 1980); *Utah State Employees Credit Union v. Riding,* 24 Utah 2d 211, 469 P.2d 1 (1970), this Court has ruled that there was no such thing as a motion to reconsider under our rules of procedure. Those cases suggested that only those motions specifically mentioned in the rules of procedure are valid motions. That, of course, is incorrect. From time to time, courts at all levels entertain motions that are not specifically provided for in any of the rules of procedure. A motion is a formal device to request judicial action, and a motion for reconsideration is simply a means for asking a trial judge to reconsider a ruling. Clearly, a motion to reconsider might serve a useful function in a variety of circumstances. However, once a final judgment is entered, the time for appeal commences from the date of entry, unless specified post-trial motions are filed which toll the running of the 30–day period for taking an appeal. *See* Rule 4, Utah Rules of Appellate Procedure. Although the majority opinion departs somewhat from prior case law, and although I think that is appropriate when a motion to reconsider is truly treated as a motion to alter or amend the judgment, I would not allow every motion to reconsider to automatically extend the time for taking an appeal.

ZIMMERMAN, J., having disqualified himself, does not participate herein; JACKSON, Court of Appeals Judge, sat.