2021 UT 32

IN THE

**SUPREME COURT OF THE STATE OF UTAH**

TIMOTHY ALAN WYATT,
*Appellant,*
*v.*
STATE OF UTAH,
*Appellee.*

No. 20190452
Heard February 17, 2021
Filed July 15, 2021

On Direct Appeal

Third District, West Jordan
The Honorable William K. Kendall
No. 171401272

Nathalie S. Skibine, Salt Lake City, for appellant,

Sean D. Reyes, Att'y Gen, Nathan Jack, Asst Solic. Gen.,
Salt Lake City, for appellee.

CHIEF JUSTICE DURRANT authored the opinion of the Court in which
ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS, JUSTICE PEARCE,
and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶1   Timothy Wyatt appeals his convictions for aggravated kidnapping and aggravated sexual assault. First, he argues that the trial court should have merged the two charges because the same acts satisfied the elements of each charge. The State agrees with Mr. Wyatt, so we vacate the sentence and remand to the district court with resentencing instructions to merge the two charges.

¶2    Second, Mr. Wyatt claims that the recording of his interview with police shortly after his arrest is testimonial and, as such, should have been excluded from the jury room during deliberations under rule 17(k) of the Utah Rules of Criminal Procedure. The State counters that since rule 17(k) has been modified it no longer suggests that testimonial exhibits should not go back with the jury. We agree with the State.

¶3    Third, Mr. Wyatt asserts two claims of ineffective assistance of counsel. He first argues his attorney should have objected to the jury instruction defining "attempt" because it did not require that the jury find the defendant intended to commit the underlying offense. Although we agree that this jury instruction was incorrect, we conclude this was harmless error based on the overwhelming evidence of Mr. Wyatt's guilt. Mr. Wyatt next argues his attorney should have made an unfair prejudice objection to the jail officer's testimony that inmates view rapists as "garbage." He argues this testimony likely inflamed the jury, causing an improper verdict. But because the officer's statements were not directed at Mr. Wyatt and because Mr. Wyatt's attorney used the testimony to the advantage of his client, we disagree.

¶4    Fourth, Mr. Wyatt asserts that even if each claimed error is not enough alone to have prejudiced him at trial, the cumulative effect of each of the errors is prejudicial. But because we find only one error, which did not prejudice Mr. Wyatt, there can be no cumulative error. So we do not address this issue further.

## Background

¶5 Mr. Wyatt entered the fitness center at Salt Lake Community College in the middle of the night and spent several hours stealing different items. At one point, he wore tape around his head, but no shorts. He left two vulgar, graphic notes in women's lockers, demanding sex in exchange for returning stolen items. He then gathered the things he had taken, put them in his truck, and returned to the women's locker room. He placed tape over the motion sensor, which disabled all the lights except one above a sink. He locked most of the bathroom stall doors and turned on the shower.

¶6   Alice[1] walked into the locker room and found the bathroom stalls nearest to the door locked. She found an unlocked stall near the showers, used the bathroom, washed her hands, and started to leave when Mr. Wyatt grabbed her from behind. He first grabbed her by the arms, then moved to cover her mouth with one hand, grabbing her breast with the other hand. Alice elbowed Mr. Wyatt in the stomach and bit him. Mr. Wyatt let go of her, and she ran out of the locker room screaming.

¶7   Working from witness reports of those who saw Mr. Wyatt leave the fitness center, the police found Mr. Wyatt later that day and arrested him. During his interrogation, Mr. Wyatt's story changed. For example, he repeatedly denied being within three feet of Alice before he eventually admitted to placing his hand over her mouth. He also denied wearing gloves until shown the surveillance footage of himself wearing gloves. He then said that he had a spider bite on his hand and wore them all the time. He continued to deny intending to commit a sex crime.

¶8   The State charged Mr. Wyatt with aggravated kidnapping and aggravated sexual assault.[2] During the trial, the State called the officer that had conducted Mr. Wyatt's police interview and, with the agreement of Mr. Wyatt's attorney, played four clips of the interview. The district court then admitted the recordings as an exhibit, allowing the recording to go back with the jury to deliberations over the objection of Mr. Wyatt's attorney. The State also called a jail officer who testified that he heard Mr. Wyatt bragging about trying to rape Alice. The officer testified that bragging about a sex crime is uncommon because of the low opinion other inmates have of sex offenders, viewing them as "trash" and "garbage." Mr. Wyatt's attorney made one objection to the testimony, on the grounds that the officer was testifying as an expert. The court overruled his objection and the officer continued to testify about inmates' views of sex offenders.

---

[1] We employ the same pseudonym for the victim as used by the State.

[2] The State also charged Mr. Wyatt with possession of a controlled substance, assault by a prisoner, and burglary, which are unrelated to this appeal.

¶9    After the parties presented their evidence, the court reviewed the jury instructions. Mr. Wyatt's attorney agreed to the final version of the instructions, making no objections. After deliberations, the jury found Mr. Wyatt guilty of aggravated kidnapping and aggravated sexual assault. Before sentencing, Mr. Wyatt asked the court to merge the charges of aggravated kidnapping and aggravated sexual assault because the same acts were used to prove the elements of both crimes. The court denied his motion, holding instead that the two crimes did not sufficiently share elements. The court sentenced Mr. Wyatt to 15 years to life for aggravated kidnapping and 15 years to life for aggravated sexual assault, with each sentence to run consecutively. Mr. Wyatt directly appeals both convictions.

¶10    We have jurisdiction to hear this case pursuant to Utah Code section 78A-3-102(3)(a).

## Standard of Review

¶11    We address two issues on appeal. First, we must determine whether rule 17(k) of the Utah Rules of Criminal Procedure excludes testimonial exhibits from the jury room during deliberations. Interpretation of the rules is a matter of law we review for correctness.[3] Second, we must determine whether Mr. Wyatt's counsel was ineffective. An ineffective assistance of counsel claim raised for the first time presents a question of law.[4]

## Analysis

¶12    Mr. Wyatt challenges his convictions for aggravated battery and aggravated sexual assault. He first claims that the district court committed prejudicial error when it allowed the video recording of his police interview to go back to the jury room during deliberations. He grounds this objection on his assertion that the recording is testimonial and rule 17(k) of the Utah Rules of Criminal Procedure prohibits testimonial exhibits from going back with the jury. The State counters that the district court did not err in allowing the recording to go back with the jury because under the revised rule all exhibits may go back with the jury subject to the discretion of the

---

[3] *State v. Rodrigues*, 2009 UT 62, ¶ 11, 218 P.3d 610.

[4] *State v. Scott*, 2020 UT 13, ¶ 27, 462 P.3d 350.

court. We agree with the State and hold that the district court did not abuse its discretion in allowing the recording to go back with the jury.

¶13     Second, Mr. Wyatt asserts two ineffective assistance of counsel claims. We reject them both. First, he argues his counsel should have objected to the jury instruction for "attempt" because it erroneously lowered the mental state required. Although we find this failure was error, we conclude that it did not prejudice Mr. Wyatt because of the overwhelming evidence of his guilt. Mr. Wyatt raises his next ineffective assistance of counsel claim based on his attorney's failure to object, on the ground that it was unfairly prejudicial, to the jail officer's testimony that other inmates view sex offenders as "trash" and "garbage." We reject this claim because we find that the statements were not inflammatory and his counsel's failure to object could have been motivated by a sound trial strategy.

## I. The District Court Did Not Err When It Allowed the Recording of Mr. Wyatt's Police Interview to go Back to the Jury Room During Deliberations

¶14     Mr. Wyatt argues that the district court committed prejudicial error when, over his objection, it allowed the recording of his police interview to go back with the jury during deliberations. Specifically, he argues that the statements in the recording are testimonial and rule 17(k) of the Utah Rules of Criminal Procedure prohibits testimonial exhibits from going back with the jury. The State counters that the court did not err in allowing the recording to go back with the jury, because under the revised rule, all exhibits may now go back with the jury, subject to the court's discretion. We agree with the State.

### A. Rule 17(k) Does Not Prohibit Testimonial Exhibits from Going Back with the Jury During Deliberations

¶15     Mr. Wyatt argues that rule 17(k) excludes testimonial evidence from going back to the jury room. We disagree. Under the plain language of rule 17(k) all evidence received as an exhibit is allowed back to jury deliberations, subject to the broad discretion of the district court.[5] Rule 17(k) provides in relevant part that "[u]pon

---

[5] We have previously defined witness statements given under oath as "testimonial." Such statements include those given at a live or

(continued . . .)

retiring for deliberation, the jury may take with them the instructions of the court and all exhibits which have been received as evidence, except exhibits that should not, in the opinion of the court, be in the possession of the jury, such as exhibits of unusual size, weapons or contraband. . . . Jurors are entitled to take notes during the trial and to have those notes with them during deliberations."[6]

¶16    Mr. Wyatt primarily relies on our holding in *State v. Carter* to support his argument that rule 17(k) prohibits testimonial exhibits from the jury room.[7] In *Carter*, we held that the district court erred when it permitted, over the defendant's objection, a written transcript of witness testimony from a prior sentencing proceeding to go back to deliberations.[8] We held that because the statements were testimonial in nature, they should not have gone back with the jury.[9]

¶17    To support our holding, we looked to the common law and to rule 17(k). We noted that the common law "always excluded depositions and written testimony from being carried away from the bar by the jury."[10] We recognized that this practice stems from the principle of fairness because "[i]f some [testimony] is admitted in oral form only, while other [testimony] is first read and then delivered to the jury in writing, it is obvious that the side sustained by written evidence is given an undue advantage."[11] We also noted that rule 17(k) supported the common law on this issue, pointing to

---

former proceeding or at a deposition. *See State v. Carter*, 888 P.2d 629, 643 (Utah 1995) (quoting *State v. Solomon*, 96 Utah 500, 87 P.2d 807, 811 (1939)). We offer no opinion on whether the definition extends beyond this because doing so is unnecessary to our resolution of this case. *See State v. Cruz*, 2016 UT App 234, ¶ 38, 387 P.3d 618 (finding video recording of a child's police interview subject to live cross examination to be testimonial).

[6] UTAH R. CRIM. P. 17(k).

[7] 888 P.2d 629 (Utah 1995).

[8] *Id.* at 642.

[9] *Id.* At 643.

[10] *Id.* at 643 (quoting *Solomon* 87 P.2d at 811).

[11] *Id.* (quoting *Solomon*, 87 P.2d at 811) (internal quotation marks omitted).

the language of the rule which stated that "depositions" should not go back with the jury.[12] So even though *Carter* dealt with testimony from a prior proceeding and not deposition testimony, we concluded that "[w]hile not directly on point, rule 17(k) indicates that exhibits which are testimonial in nature should not be given to the jury during its deliberations."[13]

¶18    The State points out that after *Carter*, we modified rule 17(k) and it no longer prohibits depositions from going back with the jury. Because the removal of "depositions" also removed any limitations on testimonial exhibits, the State argues the rule no longer prohibits testimonial exhibits from going back during deliberations.

¶19    When interpreting a rule, "we use our general rules of statutory construction."[14] So we begin our determination of whether rule 17(k) prohibits testimonial exhibits from going back with the jury by looking to the plain language of the rule.[15] And if the "rule's language is clear and unambiguous, analysis of the rule's meaning ends."[16] Rule 17(k) expressly allows the jury to take *all* exhibits back to deliberations except those which the court decides in its discretion the jury should not have. It then provides examples of such exhibits the court may find inappropriate for the jury room. But each of the examples contemplates a cumbersome or dangerous exhibit, not a testimonial one. Although we do not read the examples in rule 17(k) as limiting the court's discretion to exclude exhibits from the jury room, we observe that nothing in the language of the rule purports to bar testimonial exhibits from going back with the jury. Because rule 17(k) expressly authorizes all exhibits to go back with the jury subject to the court's broad discretion, we conclude that the language of the

---

[12] *Id.*

[13] *Id.*

[14] *Cougar Canyon Loan, LLC v. Cypress Fund, LLC*, 2020 UT 28, ¶ 13, 466 P.3d 171 (citation omitted).

[15] *Clark v. Archer*, 2010 UT 57, ¶ 9, 242 P.3d 758.

[16] *Id.*

rule unambiguously allows testimonial exhibits to go back with the jury to deliberations.[17]

¶20　Mr. Wyatt argues that if rule 17(k) does not prohibit testimonial exhibits from going back with the jury we should nevertheless carve out an exception to the plain language of the rule under the common law, which provides testimonial exhibits should not go back with the jury and cites to other jurisdictions that have carved out such an exception.[18] Mr. Wyatt also points to the court of appeals' holding in *State v. Cruz*.[19] In *Cruz*, the court found that the recordings of child victim interviews with the Children's Justice Center should not have gone back with the jury because the recordings were testimonial in nature.[20] The court based its decision on a distinction it drew between exhibits and the testimony of a witness, even if that testimony is received as an exhibit.[21]

---

[17] Rule 17(k) is detailed and specific in speaking to what items may go to the jury room. The negative implication is that items not included in the rule (items that are not instructions of the court, jury notes, or exhibits) cannot go to the jury room. *See* UTAH R. CRIM. P. 17(k). So our holding here does not affect our holding in *Carter*, 888 P.2d 629, or in *State v. Solomon*, 96 Utah 500, 87 P.2d 807 (1939), nor does it affect deposition testimony. The transcripts of deposition testimony and of testimony given under oath at a prior proceeding are not received as exhibits and do not go back with the jury. *See State v. Cruz*, 2016 UT App 234, ¶ 36 n.6, 387 P.3d 618 (quoting Utah R. Crim. P. 17 advisory comm. n.) ("[D]epositions are not evidence. Depositions read into evidence will be treated as any other oral testimony."); *see also Carter*, 888 P.2d at 642 (holding that the written transcript of testimony from a prior sentencing proceeding "should not be admitted into evidence as an exhibit").

[18] *See State v. Bales*, 994 P.2d 17, 20 (Mont. 1999) (citations omitted) (noting that the statute "invites the admission of *any* exhibit" but that common law prohibits "submitting testimonial materials to the jury for unsupervised and unrestricted review during deliberations").

[19] 2016 UT App 234, ¶ 38.

[20] *Id.* ¶ 37.

[21] *Id.* ¶ 38.

¶21     But rule 17(k) preempts the common law and occupies the field regarding exhibits.[22] And we conclude that the plain language of rule 17(k) does not allow for any categorical exceptions to exhibits going back with the jury because the jury may take with them "all exhibits," except those "that should not, in the opinion of the court, be in the possession of the jury."[23] In other words, any exception to the rule is left to the sound discretion of the district court. So although we do not examine whether the court of appeals reached the correct conclusion in *Cruz* in regard to whether the recordings should have been excluded from the jury room, we hold rule 17(k) dictates that the proper standard for determining whether an exhibit should have been withheld from jury deliberations is abuse of discretion.

### B. The District Court Did Not Abuse Its Discretion in Allowing the Recording of Mr. Wyatt's Police Interview to Go Back with the Jury to Deliberations

¶22     Because rule 17(k) permits all exhibits to go back with the jury to deliberations, subject to the discretion of the court, we examine the district court's decision to allow the recording of Mr. Wyatt's police interview to go back with the jury for abuse of discretion. Mr. Wyatt argues that allowing the jury access to the recording may have lead the jury to unduly emphasize the inconsistencies in his own story after the inconsistencies from Alice's testimony "had 'in a measure faded from the memory of the jurors.'"[24] Even were we to assume this assertion to be true in some measure, we cannot say the district court abused its discretion in allowing the jury to view, in the course of its deliberations, a concededly accurate video depiction of the defendant's police interview that it had already viewed at trial.

¶23     The district court is given broad discretion to determine whether, "in the opinion of the court," an exhibit should be withheld

---

[22] *See* UTAH R. CRIM. P. 1(b)-(c) ("These rules shall govern the procedure in all criminal cases in the courts of this state. . . . All statutes and rules in conflict therewith are repealed.").

[23] UTAH R. CRIM. P. 17(k).

[24] (Quoting *Solomon,* 87 P.2d at 811).

from the jury room.[25] A court abuses its discretion "only when its 'decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice . . . [or] resulted from bias, prejudice, or malice.'"[26] A trial court's ruling on the matter "will not be reversed absent a showing that the trial court so abused its discretion as to create a likelihood that injustice resulted."[27]

¶24     In considering whether to prohibit an exhibit from going back with the jury, a district court may consider whether the jury's unfettered access to the exhibit would lead to undue emphasis.[28] But if a defendant's out of court statements are harmful, it is generally "not because of the violation of any rule of procedure, but because the accused has furnished harmful evidence against himself."[29] Often such statements "warrant[] whatever emphasis may result."[30]

¶25     The recording played at trial and admitted as an exhibit contained four excerpts: (1) Wyatt explaining that  he was going to shower when Alice walked in and "freaked out," so he left the locker room; (2) Wyatt discussing his mother's death and saying that he will confess and "won't do it again if he doesn't have to go to jail"; (3) Wyatt relating a different story in which he claimed he put his hand over Alice's mouth so she wouldn't scream, but did not grab her breast or arm; (4) Wyatt throwing a chair as the officer left after finding out his vehicle had been impounded.

¶26     In the present case, we find little risk that any emphasis the jury may have placed on the recording of Mr. Wyatt's police

---

[25] UTAH R. CRIM. P. 17(k).

[26] *Northgate Vill. Dev., LC v. City of Orem*, 2019 UT 59, ¶ 27, 450 P.3d 1117 (alterations in original) (citation omitted).

[27] *State v. Jensen*, 727 P.2d 201, 203 (Utah 1986).

[28] By this footnote we refer rule 17(k) to our advisory committee on the rules of criminal procedure for direction on whether the rule itself should include additional guidelines for a district court in determining whether an exhibit should be withheld from the jury based on the risk of undue emphasis.

[29] *State v. Cooper*, 1979 WL 207920, at *2 (Ohio Ct. App. 1979) (citation omitted).

[30] *Carter v. People*, 398 P.3d 124, 130 (citation omitted).

interview in this case was undue. The parties agree that the State introduced the recording to show inconsistencies in Mr. Wyatt's story. As such, it is evidence aimed at impugning his credibility and illustrating his capacity for lying. Further, as courts from other jurisdictions have noted, a recording of a defendant's confession or incriminating statements to the police is typically permitted to go back with the jury.[31] This is not to say that a district court could never abuse its discretion in allowing a recording of a defendant's statements to the police to go back with the jury, but that it is not typically a category that causes concern under undue prejudice. And we do not find it to be unreasonable to allow such evidence that the defendant has furnished against himself to go back with the jury. We hold that the district court did not abuse its discretion when it allowed the recording to go back with the jury during deliberations.[32]

## II. Mr. Wyatt's Trial Counsel Was Not Ineffective for Agreeing to the Jury Instruction Defining "Attempt" or for Failing to Make an Unfair Prejudice Objection to the Jail Officer's Testimony

¶27 Mr. Wyatt next asserts two claims of ineffective assistance of counsel. First, he argues his attorney should have objected to the jury instruction defining an attempted crime because the instruction incorrectly allowed for the jury to convict him without finding that he acted with the requisite intent to commit the crime. Mr. Wyatt claims that this error affected the findings of the jury for both the aggravated sexual assault and aggravated kidnapping charges. We disagree. Based on the overwhelming evidence against Mr. Wyatt, we find that the incorrect jury instruction was harmless error. Second, Mr. Wyatt claims his attorney should have objected to the jail officer's testimony that inmates view rapists as "trash" and "garbage" on the ground that the testimony was unfairly prejudicial under rule 403 of the Utah Rules of Evidence. He argues the description was inflammatory and led to an inappropriate finding of guilt by the jury. But because these were

---

[31] *See, e.g., State v. Bermejo*, 2020 UT App 142, ¶¶ 65-66, 476 P.3d 148 (citing other jurisdictions that allow a defendant's statements to police to go back with the jury because the statements do not implicate a danger of undue emphasis).

[32] Because we find the district court did not err, we do not address Mr. Wyatt's argument that the error was prejudicial.

general statements not directed at Mr. Wyatt and because it was reasonable not to object to this testimony, we disagree.

¶28    To win on a claim of ineffective assistance of counsel, a defendant must show that "(1) his counsel's performance was deficient in that it 'fell below an objective standard of reasonableness' and (2) 'the deficient performance prejudiced the defense.'"[33]

### A. Although the Jury Instruction on Attempt was Incorrect, We Reject Mr. Wyatt's Ineffective Assistance of Counsel Claim Because the Error was Harmless

¶29    Mr. Wyatt first argues that it was unreasonable for his attorney to agree to the jury instruction for an attempted crime because the instruction did not require the jury to find that Mr. Wyatt acted with intent to commit the crime, which is necessary for an attempt conviction. Rather, in Mr. Wyatt's view, the instruction allowed the jury to find that he attempted an offense by merely acting "with the kind of culpability otherwise required for the commission of the offense," which culpability includes acting knowingly or recklessly in this case. The State counters that because other jury instructions required finding that Mr. Wyatt acted with intent, the jury could not have convicted Mr. Wyatt on both charges for merely acting knowingly or recklessly. The State also contends that any error was harmless because of the overwhelming evidence against Mr. Wyatt. We acknowledge the incorrect jury instruction but agree with the State, finding that the error was harmless.

### Jury Instructions

¶30    Mr. Wyatt claims that because the jury instruction described the mental state for an attempted crime as identical to that required to commit the underlying offense, the jury was not required to find that he acted with intent to commit the crime. He argues the jury could have erroneously convicted him of aggravated sexual assault based on a finding that he *knowingly or recklessly* attempted rape or forcible sex abuse, even though only a finding that he *intended* to commit the crime could support a conviction of aggravated sexual assault. Similarly, he argues the jury could have erroneously convicted him of aggravated kidnapping for acting

---

[33] *State v. Ray*, 2020 UT 12, ¶ 24, 469 P.3d 871 (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

*knowingly* in an attempt to kidnap Alice rather than *intentionally*, as required for such a conviction.

¶31    The aggravated sexual assault instructions required the jury find, in pertinent part, that (1) "in the course of an attempted rape . . . or . . . attempted forcible sexual abuse" the defendant tries to get the victim to submit (2) "by threat of kidnapping, death, or serious bodily injury to be inflicted imminently." A threat is an "expression of intention."[34] This definition of threat is supported by the jury instructions: "Threats may include words and/or acts. The defendant need not actually state in words his intent to kill or seriously injure if his conduct or acts manifest such threat." In other words, the aggravated sexual assault instruction required the *attempt* of one of the two enumerated sexual offenses and the expression of *intent* to kidnap the victim.[35] The jury instructions for aggravated kidnapping likewise required (1) an "*attempt*[] to commit . . . kidnapping" with (2) the "*intent* to . . . commit a sexual offense."[36] In other words, the jury instructions for each offense required a finding of intent for the other.

¶32    The State argues that when the instructions are taken as a whole, the jury was required to make the requisite finding for each offense. The jury convicted Mr. Wyatt on both charges, thereby finding he possessed the intent to commit a sexual offense and the intent to kidnap. So, the jury could not have convicted Mr. Wyatt on aggravated sexual assault for merely knowingly or recklessly attempting forcible sex abuse or rape, because he was also convicted of the intent to commit a sexual offense. Likewise, the State argues the jury could not have found that Mr. Wyatt merely knowingly attempted to kidnap Alice under the aggravated kidnapping charge because it also found that he possessed the intent to kidnap. In other words, the alleged defect for each charge is cured by the intent requirement of the other. Additionally, other jury instructions at play required a finding that Mr. Wyatt acted with intent. For example, the

---

[34]    *Threat,* MERRIAM-WEBSTER https://www.merriam-webster.com/dictionary/threat (last visited July 6, 2021).

[35] We note that the "threat of kidnapping" is the element the parties addressed.

[36] (Emphases added).

jury instruction for an attempted crime also required a finding that the defendant took a "substantial step" toward completing the offense. And the instruction noted that a step is not substantial "unless it is strongly corroborative of the actor's intent to commit the offense."

¶33 While the State's argument may very well be correct,[37] we need not address it because, as discussed below, we find that any error in the instructions was harmless.

*Harmless Error*

¶34 The State argues that any error in the jury instruction for attempt was harmless because of the abundance of evidence against Mr. Wyatt. We agree. To determine whether a defendant was prejudiced, we must decide whether "there is a reasonable probability that but for counsel's unprofessional errors," the jury would not have convicted the defendant.[38] A reasonable probability is a probability "sufficient to undermine confidence in the outcome."[39] Here, we find no reasonable probability of a different outcome because of the overwhelming evidence of Mr. Wyatt's guilt.

¶35 For example, Mr. Wyatt left vulgar notes in women's lockers, demanding sex in exchange for returning items he had stolen. He then set the scene for an attack in the women's bathroom. He put on gloves and placed tape over the sensor to keep the lights from turning on. He locked the bathroom stall doors closest to the exit and remained in the bathroom until Alice entered. Mr. Wyatt grabbed her, placing one hand over her breast and one hand over her mouth. These actions all demonstrate intent. But Mr. Wyatt had his own explanations for the events. He first denied wearing gloves but, after seeing himself with gloves on in the video surveillance footage,

---

[37] "When reviewing jury instructions, we look at the jury instructions in their entirety and will affirm when the instructions taken as a whole fairly instruct the jury on the law applicable to the case." *State v. Lambdin*, 2017 UT 46, ¶ 41, 424 P.3d 117 (citation omitted) (internal quotation marks omitted), holding modified on other grounds by *State v. Sanchez*, 2018 UT 31, ¶ 41, 422 P.3d 866.

[38] *Strickland*, 466 U.S. at 694.

[39] *Id.*

claimed he wore them because of a spider bite. He also said that he covered the light sensor because his eyes were sensitive to the light. And after claiming that he did not touch Alice, Mr. Wyatt admitted to putting his hand over her mouth because he thought she was going to scream after seeing him in the locker room. Further, a jail officer testified that Mr. Wyatt told another inmate that he had intended to rape Alice. Mr. Wyatt's behavior before and after the incident, as well as the version of the events of the attack accepted by the jury, all overwhelmingly point to Mr. Wyatt's intent. Because of the abundant evidence against him, we find the incorrect attempt instruction to be harmless error.

### B. Mr. Wyatt's Attorney Was Not Ineffective for Failing to Make an Unfair Prejudice Objection to the Jail Officer's Testimony

¶36 Mr. Wyatt next asserts his attorney was ineffective for failing to object to unfair prejudice under rule 403 of the Utah Rules of Evidence after a jail officer categorized inmates' views on sex offenders as "dirty," "the lowest of the low," and "garbage." Specifically, Mr. Wyatt argues that this language caused unfair prejudice because it suggests the jury reached the verdict based on "hatred, contempt, retribution or horror."[40] We disagree. The officer's testimony referenced a general category of criminals, not Mr. Wyatt specifically. And because Mr. Wyatt's attorney employed the testimony to Mr. Wyatt's advantage, we find that his attorney may have reasonably chosen not to object to this testimony.

¶37 In pertinent part, rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[41] In determining whether Mr. Wyatt prevails on his ineffective assistance claim, we first examine whether his attorney's failure to make a 403 objection to the officer's testimony "fell below an objective standard of reasonableness."[42]

---

[40] (Quoting *State v. Maurer*, 770 P.2d 981, 984 (Utah 1989) (citation omitted)).

[41] UTAH R. EVID. 403. We note that we cite the rule as condensed by Mr. Wyatt.

[42] *Strickland*, 466 U.S. at 687–88.

¶38    The testimony in question detailed how other inmates view sex offenders. The officer made general statements, not directed toward Mr. Wyatt. Because the statements referenced a general category of criminals, it is reasonable that Mr. Wyatt's counsel would not have objected to unfair prejudice because it may have unduly emphasized the testimony. Mr. Wyatt's attorney could have reasonably assumed that the jury would find such an objection to the categorization of sex offenders as evidence that Mr. Wyatt was guilty of a sex offense. Additionally, Mr. Wyatt's attorney employed the statements to his advantage. He used them to discredit the officer's testimony, arguing that because Mr. Wyatt knew inmates' views on sex offenders, he never would have bragged about an attempted rape. Because the testimony concerned a general class of inmates, and because Mr. Wyatt's attorney used the statements to advantage his client, failing to make a 403 objection does not fall below an objective standard of reasonableness.

¶39    The State argues that regardless of whether Mr. Wyatt's counsel acted unreasonably in failing to object to this testimony, we should affirm because the testimony was harmless. Mr. Wyatt disagrees, arguing that the jail officer's "inflammatory" language likely produced an emotional response from the jury, provoking a verdict meant to punish Mr. Wyatt rather than one based on whether the State had proven its case beyond a reasonable doubt. To support his contention, Mr. Wyatt relies on our holding in *State v. Maurer*.[43] There we held that a murder defendant was unfairly prejudiced when the district court allowed the jury to hear the entire contents of a letter he wrote to the victim's father a month after the killing. We noted the defendant taunted the father, used profane and vulgar language, and showed a "shocking display of lack of remorse."[44] Because of the letter's repulsive nature, we found it "may well have been highly inflammatory in the eyes of the jury."[45]

¶40    Unlike the letter in *Maurer*, the officer's testimony did not contain vulgar or profane terms. It is highly unlikely that using the words "garbage" and "trash" in describing how other inmates view

---

[43] 770 P.2d 981.

[44] *Id.* At 983.

[45] *Id.*

sex offenders would inflame the jury against Mr. Wyatt and cause an inappropriate finding of guilt. Additionally, the testimony did not concern Mr. Wyatt personally, but a general class of convicts, making it even less likely the testimony would cause the jury to inappropriately punish Mr. Wyatt.

¶41 Because the attorney's decision to not make an unfair prejudice objection to the officer's statements did not fall below an objective standard of reasonableness, and because we find the testimony did not prejudice Mr. Wyatt regardless, we find no ineffective assistance of counsel.

**Conclusion**

¶42 Mr. Wyatt raises four challenges to his convictions for aggravated kidnapping and aggravated sexual assault. He first argues that the district court should have merged the two charges because the same acts were used to prove the elements of each charge. Because the State agrees, we vacate the sentence and remand to the district court for resentencing with instructions to merge the two charges. Second, Mr. Wyatt argues that the district court erred when it allowed the recording containing clips of his police interview to go back with the jury to deliberations, claiming the recording was testimonial and therefore prohibited from going to the jury room under rule 17(k) of the Utah Rules of Criminal Procedure. We hold that rule 17(k) does not prohibit testimonial evidence from going back with the jury and that the district court did not abuse its discretion in allowing the recording to go back to deliberations.

¶43 Third, Mr. Wyatt asserts two ineffective assistance of counsel claims. We reject them both. He first argues that his counsel was ineffective for agreeing to the jury instruction that erroneously defined the mental state required for an attempted crime. We agree the instruction was incorrect but find the error harmless because of the overwhelming evidence of Mr. Wyatt's guilt. He next asserts his counsel was ineffective for failing to make an unfair prejudice objection to a jail officer's testimony that inmates view rapists as "garbage." We find Mr. Wyatt's counsel acted reasonably in electing not to object to the testimony because it was a general statement not directed toward Mr. Wyatt and because his counsel used the testimony to Mr. Wyatt's benefit. Fourth, Mr. Wyatt argues that there was cumulative error. Because we find only one error, which did not prejudice Mr. Wyatt, we do not further address this issue.