*This opinion is subject to revision before final publication in the Pacific Reporter*

**2023 UT 25**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*
*v.*

FLOYD CORRY ROBINSON,
*Appellant.*

No. 20210293
Heard May 15, 2023
Filed December 7, 2023

On Direct Appeal

Fifth District, St. George
The Honorable G. Michael Westfall
No. 051500271

Attorneys:

Sean D. Reyes, Att'y Gen., Daniel L. Day, Asst. Solic. Gen.,
Salt Lake City, for appellee

Nicolas D. Turner, St. George, for appellant

JUSTICE POHLMAN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUSTICE HAGEN joined.

JUSTICE POHLMAN, opinion of the Court:

### INTRODUCTION

¶1 Nearly fourteen years after Floyd Corry Robinson pleaded guilty to aggravated murder and child abuse, he moved the district court, under rule 22(e) of the Utah Rules of Criminal Procedure, to correct what he claimed was an unconstitutional sentence. Robinson asserted that his sentence was unconstitutional because his counsel was ineffective and because the State suppressed

favorable evidence. The court denied Robinson's motion on the ground that his claims were not cognizable under rule 22(e).

¶2    Robinson appeals, contending that the district court erred in concluding that he failed to identify relevant grounds to challenge his sentence under rule 22(e). He posits that the grounds he asserted in his motion fall within rule 22(e)'s sweep because the rule generally allows for challenges to allegedly unconstitutional sentences. But Robinson relies on precedent interpreting a version of the rule that does not apply to his case, and his interpretation of the applicable rule is untethered to its plain language. Because Robinson did not identify a viable ground to challenge his sentence, the court did not err in denying his motion.

¶3    Robinson alternatively contends that the district court erred in construing his motion according to its caption rather than its substance. Although Robinson invoked rule 22(e), he claims his motion was more in line with a petition for relief under the Post-Conviction Remedies Act (PCRA) and that the court erred by not construing it as such. Even if the grounds Robinson asserted were not cognizable under rule 22(e), both the caption and substance of his motion indicated his intent to invoke the rule. The court did not err in construing the filing as what it purported to be.

¶4    Finally, invoking *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clayton*, 639 P.2d 168 (Utah 1981), Robinson asks us to review four additional issues that his appellate counsel does not endorse. We do not reach the merits of those issues because we hold it is procedurally improper for appellate counsel to file a hybrid-*Anders* brief, simultaneously seeking review of both frivolous and nonfrivolous issues.

## BACKGROUND

¶5    In 2005, Robinson shot and killed his ex-girlfriend in front of her three children. The State charged Robinson with aggravated murder, aggravated kidnapping, aggravated burglary, and child abuse. After nearly two years of pretrial motions and discovery, the State and Robinson reached a plea agreement in which Robinson pleaded guilty to aggravated murder and child abuse in exchange for the State dismissing the charges of aggravated kidnapping and aggravated burglary. The State also agreed not to seek the death penalty and stipulated to a twenty-years-to-life prison sentence. The district court ultimately sentenced Robinson to an indeterminate term of twenty years to life for aggravated murder and a consecutive indeterminate term not to exceed five years for child abuse.

¶6 Since his conviction, Robinson has sought to challenge his plea and sentence through various means, including by filing at least two failed PCRA petitions. At issue in this case is Robinson's pro se motion titled "Motion to Correct Illegal Sentence Under URCrP 22(e)," filed in 2020 in his criminal case. In that motion, and in an associated request to submit the matter for decision, Robinson maintained that his sentence required correction because it violated his constitutional rights. Specifically, he asserted that his trial counsel acted ineffectively and that the State suppressed favorable evidence.

¶7 The district court denied Robinson's rule 22(e) motion, concluding that he "fail[ed] to identify any of the relevant grounds, or otherwise comply with the [r]ule." The court also noted that the grounds identified in Robinson's motion "may be more suited for a Petition for Post-Conviction Relief" under rule 65C of the Utah Rules of Civil Procedure.

¶8 Robinson appeals.

## ISSUES AND STANDARDS OF REVIEW

¶9 Robinson asserts that the district court erred in denying his rule 22(e) motion to correct his sentence when it concluded that the constitutional violations he alleges—ineffective assistance of counsel and suppression of favorable evidence—are not cognizable under rule 22(e). We review the grant or denial of a rule 22(e) motion for correctness, giving "no deference to the district court." *State v. Houston*, 2015 UT 40, ¶ 16, 353 P.3d 55.

¶10 Robinson also contends that the court erred in construing his rule 22(e) motion according to its title rather than its substance. Both parties ask us to review this question for correctness. Robinson asserts that the standard we use to review a district court's interpretation of a rule of procedure applies, while the State cites the standard of review applicable to a court's grant or denial of a rule 22(e) motion. The authority the parties cite does not specify the standard we should apply in reviewing the district court's decision now at issue—its decision to construe Robinson's filing as a rule 22(e) motion rather than as a petition for post-conviction relief—and we question whether correctness is the appropriate standard. *See, e.g.*, *Workers Comp. Fund v. Argonaut Ins. Co.*, 2011 UT 61, ¶ 15 n.5, 266 P.3d 792 (stating that "district courts have broad discretion in determining whether to construe a motion under rule 59 or rule 60(b) of the Utah Rules of Civil Procedure" and that "if a motion is not captioned as a rule 59 or rule 60(b) motion and does not cite to rule 59 or rule 60(b), a district court does not err in failing

to construe it as such"). However, because both parties argue this issue under a correctness standard of review, we apply that standard here without endorsing its application in a future case.

¶11   Robinson raises four additional issues pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clayton*, 639 P.2d 168 (Utah 1981). But we need not address the standards of review applicable to those issues because, as discussed *infra* ¶¶ 38–42, we hold it is procedurally improper to file a hybrid-*Anders* brief.

## ANALYSIS

### I. THE DISTRICT COURT CORRECTLY DENIED ROBINSON'S RULE 22(e) MOTION

¶12   Robinson contends that the district court erred in denying his rule 22(e) motion. Specifically, he argues that the court erred in concluding that the grounds he identified as the bases for his motion—ineffective assistance of counsel and suppression of favorable evidence—are not cognizable under rule 22(e). We disagree with Robinson and conclude that the court correctly interpreted the rule.

¶13   "When interpreting a rule, we use our general rules of statutory construction." *Wyatt v. State*, 2021 UT 32, ¶ 19, 493 P.3d 621 (cleaned up). Thus, we begin our review of whether the district court correctly interpreted rule 22(e) by looking at the rule's plain language. *See id.*; *see also Clark v. Archer*, 2010 UT 57, ¶ 9, 242 P.3d 758. "If a rule's language is clear and unambiguous, analysis of the rule's meaning ends." *Clark*, 2010 UT 57, ¶ 9.

¶14 The language in rule 22(e) is straightforward. Subparagraph (e)(1) requires a court to correct a sentence if it fits into one of six enumerated categories. It states:

> The court must correct a sentence when the sentence imposed:
>
>> (A) exceeds the statutorily authorized maximums;
>>
>> (B) is less than statutorily required minimums;
>>
>> (C) violates Double Jeopardy;
>>
>> (D) is ambiguous as to the time and manner in which it is to be served;
>>
>> (E) is internally contradictory; or

> (F) omits a condition required by statute or
> includes a condition prohibited by statute.

UTAH R. CRIM. P. 22(e)(1).

¶15 Subparagraph (e)(2), in turn, requires a court to correct an unconstitutional sentence, but only under specific circumstances. It states:

> The court must correct the sentence of a defendant who can prove that the sentence is unconstitutional under a rule established or ruling issued by the United States Supreme Court, the Utah Supreme Court, or the Utah Court of Appeals after sentence was imposed, and the rule or ruling was not dictated by precedent existing at the time the defendant's conviction or sentence became final.

*Id.* R. 22(e)(2).[1]

¶16 In seeking to correct his sentence under rule 22(e), Robinson does not contend that the bases he identified in his motion fall within any of the six enumerated categories in subparagraph (e)(1). Nor does he contend that his challenges meet the requirements of subparagraph (e)(2). Rather, Robinson maintains that rule 22(e) is not intended to be exhaustive in its scope and that this court's rule 22(e) precedent allows all "constitutional-based" challenges to a sentence to be raised under the rule.

¶17 Robinson recognizes that the current language of rule 22(e) "appear[s]" to limit the scope of the rule's application. But, relying on *State v. Candedo*, 2010 UT 32, ¶¶ 10–11, 232 P.3d 1008, he argues that we previously rejected a narrow reading of the rule and that his constitutional challenges fall within *Candedo*'s reach.

¶18 Robinson is correct that in *Candedo* we read rule 22(e) broadly. There, we held that "[b]ecause an illegal sentence under rule 22(e) includes constitutional violations, an appellate court must allow a petitioner to raise constitutional . . . challenges[] to [a

---

[1] The only other provision in rule 22(e) is procedural. Subparagraph (e)(3) states: "A motion under (e)(1)(C), (e)(1)(D), or (e)(1)(E) must be filed no later than one year from the date the facts supporting the claim could have been discovered through the exercise of due diligence. A motion under the other provisions may be filed at any time." UTAH R. CRIM. P. 22(e)(3).

petitioner's] sentence under rule 22(e)." *Id.* ¶ 11. But *Candedo* does not aid Robinson's position because, in that case, we analyzed an earlier version of rule 22(e)—a version with "sweeping language" that has since been removed. *See State v. Brooks*, 908 P.2d 856, 860 (Utah 1995).

¶19 Before 2017, rule 22(e) stated in its entirety: "The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." UTAH R. CRIM. P. 22(e) (2008). Because the rule did not define "illegal sentence," we originally guided its application by identifying in our caselaw examples of illegal sentences. For example, in *State v. Telford*, we explained that "rule 22(e) may be employed to correct a sentence under circumstances where the sentencing court had no jurisdiction, or to correct a sentence beyond the authorized statutory range." 2002 UT 51, ¶ 5 n.1, 48 P.3d 228.

¶20 Then, in *State v. Yazzie*, we adopted a definition of "illegal sentence" that had been embraced by federal courts.[2] *See* 2009 UT 14, ¶¶ 13–14, 203 P.3d 984 (citing *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)). We stated that an "illegal sentence" within the meaning of rule 22(e) is

> one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.

*Id.* ¶ 13 (quoting *Dougherty*, 106 F.3d at 1515).

¶21 And one year later, in *Candedo*, we held that the definition of "illegal sentence" we adopted in *Yazzie* was "sufficiently broad to include constitutional violations that threaten the validity of the sentence." *Candedo*, 2010 UT 32, ¶ 14. Invoking the final clause of the adopted definition, we concluded that an unconstitutional sentence is one "not authorized by the judgment of conviction," and thus a substantive due process challenge to a sentence fit

---

[2] The version of rule 22(e) in effect at the time *Yazzie* was decided was "based on an antecedent in the federal rules—rule 35(a) of the Federal Rules of Criminal Procedure, which until 1987 authorized federal courts to correct illegal sentences." *State v. Prion*, 2012 UT 15, ¶ 22, 274 P.3d 919 (cleaned up).

within the rule's scope. *Id.* ¶¶ 13–14 (cleaned up); *see also State v. Houston*, 2015 UT 40, ¶¶ 21–22, 353 P.3d 55.

¶22 Robinson points to our previous cases to support his claim that rule 22(e) provides a vehicle to correct his sentence based on his trial counsel's alleged constitutionally ineffective assistance and the State's alleged unconstitutional suppression of favorable evidence. But *Candedo* does not apply to Robinson's challenges. In 2017, years before Robinson filed his rule 22(e) motion, the rule was amended.[3] And although it grew in size, it shrank in scope.

¶23 Among other things, the rule no longer refers to an "illegal sentence."[4] *See* UTAH R. CRIM. P. 22(e). That nomenclature was removed, and the "sweeping" language underpinning the court's decision in *Candedo* was replaced with subparagraph (e)(1) and six specific categories of sentences that require correction. *See id.* R. 22(e)(1); *see also State v. Hurwitz*, 2021 UT App 112, ¶ 16, 500 P.3d 921 (recognizing that with the 2017 amendment to rule 22(e), the "sweeping language" of the rule was replaced with language more limited in scope); *State v. Wilkerson*, 2020 UT App 160, ¶ 24, 478 P.3d 1048 (same). And although the amended rule incorporated some of the categories included in *Yazzie*'s definition of "illegal sentence," it did not incorporate all of them.[5] Notably, subparagraph (e)(1) does not include "a sentence which the judgment of conviction did not authorize"—the category the *Candedo* court pointed to in

---

[3] Neither party disputes that Robinson's rule 22(e) motion, filed in 2020, is governed by the current version of rule 22(e), which was last amended in 2019. Like the 2017 amendment, the current version of the rule has limited scope.

[4] In 1987, the same language was removed from the federal counterpart to rule 22(e), leaving federal offenders with the option of challenging the constitutional validity of their sentences through a motion to vacate, set aside, or correct the sentence under Title 18, section 2255 of the United States Code. *Prion*, 2012 UT 15, ¶ 22 n.8.

[5] Categories found in subparagraphs (e)(1)(D)–(F) appear to be taken nearly verbatim from the definition adopted in *Yazzie*. *Compare* UTAH R. CRIM. P. 22(e)(1)(D)–(F), *with Yazzie*, 2009 UT 14, ¶ 13. The category in subparagraph (e)(1)(C) appears to have been inspired by *Prion*. *Compare* UTAH R. CRIM. P. 22(e)(1)(C), *with Prion*, 2012 UT 15, ¶ 24 ("A sentence imposed in contravention of the Double Jeopardy Clause is an illegal sentence—even under a narrowly circumscribed construction of rule 22(e)." (cleaned up)).

support of its view that rule 22(e) generally authorized challenges to unconstitutional sentences.[6] *See Candedo*, 2010 UT 32, ¶¶ 12–13. Further, while subparagraph (e)(2)—added in 2019—mandates the correction of an unconstitutional sentence, it authorizes that correction only if the alleged constitutional violation is grounded in a rule or ruling that was established or issued after the defendant's "sentence became final." UTAH R. CRIM. P. 22(e)(2).

¶24　With these amendments, our caselaw interpreting a prior version of rule 22(e) does not govern. We look instead to the plain language of the present rule to determine whether Robinson's challenges fall within its scope. *See Wyatt*, 2021 UT 32, ¶ 19. If rule 22(e) still contained the language we interpreted in *Candedo*, we would apply it. But because that language is gone, there is no basis in the rule to apply the standard we articulated there.

¶25　That leaves us only to ask whether Robinson's challenges fall within the scope of rule 22(e)'s plain language. As even Robinson concedes, they do not. *See supra* ¶ 16. His challenges based on alleged ineffective assistance of counsel and the State's suppression of favorable evidence are not found among the categories listed in subparagraph (e)(1). *See* UTAH R. CRIM. P. 22(e)(1). And although his challenges are constitutional in nature, they do not fit within subparagraph (e)(2) because the rulings on which he grounds his challenges—*Strickland v. Washington*, 466 U.S. 668 (1984), and *Brady v. Maryland*, 373 U.S. 83 (1963)—were issued decades before his 2006 sentence became final. *See* UTAH R. CRIM. P. 22(e)(2).

¶26　Even so, Robinson contends that his claims are cognizable under rule 22(e) because, he argues, the rule is not intended to be exhaustive in scope. He asserts that the "plain language" of the rule sets forth the instances in which a court is "required" to correct a sentence and does not "strictly limit the means [by] which a sentence could be constitutionally challenged." In other words, Robinson contends that rule 22(e) is open-ended. In his view, it *requires* the correction of a sentence on the grounds identified but also *allows* for the correction of a sentence on other, unstated grounds.

---

[6] Subparagraphs (e)(1)(A) and (B) of rule 22—which refer to sentences imposed in violation of statutory minimums and maximums—may have taken inspiration from this part of the "illegal sentence" definition, but the rule's language is specific and thus far more limited.

¶27 We reject this reading of rule 22(e) because the rule's plain language does not bear it out. Rule 22(e) is a procedural tool that requires courts to correct sentences on grounds it identifies, and it is an exception to the general rule that the PCRA is the sole remedy for a person challenging the legality of a sentence. *See* UTAH CODE § 78B-9-102(1)(a), (2)(b). No language in the rule supports Robinson's invitation to read it as vesting the courts with the authority to correct sentences on other, unidentified grounds. We therefore reject Robinson's argument that even if the district court was not required to correct his sentence, the court had the discretion to do so under rule 22(e).

¶28 In sum, because Robinson's challenges are not cognizable under rule 22(e), the district court did not err in denying Robinson's rule 22(e) motion.[7]

## II. THE DISTRICT COURT PROPERLY CONSTRUED ROBINSON'S MOTION

¶29 Robinson contends, in the alternative, that the district court erred in construing his filing as a rule 22(e) motion rather than a petition for post-conviction relief. He argues that because the court recognized that "[t]he 'substance' of the pleading was a Rule 65C petition," the court should have construed it as such.

¶30 The State counters that the court correctly construed Robinson's motion because it "had all the essential markings of a rule 22(e) motion." Specifically, the State asserts that Robinson filed his motion "under rule 22(e)," with a rule 22(e) caption, "in a criminal case," stating "reasons why [he] believed his sentence was illegal." We agree with the State that the district court did not err in construing Robinson's filing as a rule 22(e) motion.

---

[7] Robinson's motion was minimal in nature, and the factual bases for it were undeveloped. He provided additional detail in his request to submit, some of which suggests that he was challenging, at least in part, his underlying *conviction* rather than his *sentence*. To the extent he intended to use rule 22(e) as a vehicle to challenge his conviction rather than his sentence, his motion would fail for the additional reason that rule 22(e) can be used only to challenge a sentence, not a conviction. *See Archuleta v. State*, 2020 UT 62, ¶ 36, 472 P.3d 950 ("Of course, [rule 22(e)] applies only when a sentence, not a conviction, is being challenged.").

¶31   For starters, Robinson captioned his motion as a "Motion to Correct Illegal Sentence Under URCrP 22(e)" and twice affirmed his intention to move under rule 22(e) in his request to submit for decision. In that request, Robinson reminded the court that he had moved "under Rule 22(e)" to correct his sentence, and he asked the court to submit for decision his "motion filed under Utah Rules of Criminal Procedure, Rule 22(e)."

¶32   Robinson further demonstrated his intent to move under rule 22(e) by seeking a specific form of relief provided by that rule. He did not simply ask the court to vacate his sentence; rather, he asked the court to "correct" it—a framing unique to rule 22(e). *Compare* UTAH R. CRIM. P. 22(e)(1), *with* UTAH R. CIV. P. 65C(o)(1). He also claimed that his sentence was "illegally imposed." And although the reference to an "illegal sentence" is no longer found in rule 22(e), *see supra* ¶ 23, that terminology was associated with rule 22(e) for decades, *see, e.g., supra* ¶¶ 19–21.

¶33 The balance of Robinson's motion consisted of one statement. He wrote: "I believe this sentence to be illegally imposed because . . . Ineffective Assistance of Counsel" and "Intentional Suppression of Evidence Favorable to the Defendant." Robinson now contends that this assertion should have compelled the court to evaluate the motion under the PCRA rather than rule 22(e), but the balance of his filing did not suggest that he intended to invoke the PCRA. He did not reference the PCRA or rule 65C of the Utah Rules of Civil Procedure, which governs PCRA petitions. *See* UTAH CODE § 78B-9-102(1)(a) ("Procedural provisions for filing and commencement of a petition are found in Rule 65C, Utah Rules of Civil Procedure."). Further, Robinson did not attempt to comply with even one of the many procedural requirements imposed by rule 65C. *See* UTAH R. CIV. P. 65C(d)–(e) (imposing content and attachment requirements for a PCRA petition). And further still, Robinson filed his motion in his original criminal case;[8] had he intended to invoke the PCRA, he would have initiated a petition in

---

[8] On appeal, Robinson contends that it was the clerk who filed his motion in the criminal case. But Robinson's filing includes his criminal case number, handwritten on the form. That handwriting appears to match the other handwriting in the filing, including Robinson's printed name and signature.

a separate proceeding.[9] *See* UTAH CODE § 78B-9-102(1)(a) ("Proceedings under this chapter are civil and are governed by the rules of civil procedure.").

¶34 Yet, despite the absence of any indication that Robinson intended to move under the PCRA rather than rule 22(e), he contends that the court erred in not treating his invocation of rule 22(e) as "an improper caption." (Quoting *Armstrong Rubber Co. v. Bastian*, 657 P.2d 1346, 1348 (Utah 1983).) Robinson argues that because the district court observed that the grounds on which Robinson challenged his sentence "may be more suited for a Petition for Post-Conviction Relief," the court was required to construe his filing as a PCRA petition. We again disagree.

¶35 For one, these circumstances are unlike those found in the cases where we have expressed the view that "an improper caption is not fatal" to a motion. *Armstrong*, 657 P.2d at 1348; *see also Howard v. Howard*, 356 P.2d 275, 276–77 (Utah 1960); *Frito-Lay v. Utah Labor Comm'n*, 2009 UT 71, ¶¶ 22, 27, 35, 222 P.3d 55. In *Armstrong*, we interpreted a motion under procedural rules that fit the motion's timing and substance despite the party's failure to cite a rule in the motion's body or text. 657 P.2d at 1347–48. In *Howard*, we overlooked a party's framing of a filing as a "Notice of Intention to Move for New Trial" where its substance demonstrated that it was "in fact a motion for a new trial." 356 P.2d at 276. Despite the caption, the party referred to the document as a motion, articulated the legal grounds for the motion, and attached a supporting affidavit. *Id.* at 276–77. And in *Frito-Lay*, we concluded that the Utah Labor Commission did not abuse its discretion in reviewing a motion seeking agency review under the authority available to it rather than construing the motion under rule 60 of the Utah Rules of Civil Procedure, which did not apply. 2009 UT 71, ¶¶ 22–24.

¶36 In these cases, the party seeking relief failed to cite a procedural basis for its motion (*Armstrong*), improperly labeled its filing but made its intent clear in the body of its filing (*Howard*), or sought relief available to it but cited a rule that did not apply (*Frito-Lay*). In contrast, Robinson expressly invoked a rule procedurally available to him and did not otherwise suggest in his

---

[9] Robinson had previously been advised (including during an appearance where he was represented by counsel) that the criminal case concluded with his sentence and that if he intended to seek relief under the PCRA, he would need to start a separate proceeding.

motion that he sought a different form of relief. Robinson's caption matched the substance of his motion, even if the grounds he asserted did not warrant relief under rule 22(e).

¶37   Further, it would have been presumptuous for the district court to assume that Robinson did not intend to move under rule 22(e) simply because the court rejected the basis for his motion. Robinson expressly invoked rule 22(e) and appeared intent on testing his theory that the grounds he identified entitled him to a corrected sentence under that rule. Even now on appeal, Robinson (through legal counsel) maintains that a sentence can be corrected under rule 22(e) if ineffective assistance of counsel or the suppression of favorable evidence is shown. *See supra* ¶¶ 16, 22. Although the district court—and ultimately this court—disagree with Robinson's view, his argument was not so frivolous that the district court should have unilaterally denied Robinson the right to make it.[10] *Cf. Utah Stream Access Coal. v. VR Acquisitions, LLC*, 2019 UT 7, ¶ 42, 439 P.3d 593 ("The plaintiff, like the appellant, controls the claims to be litigated by the court. And the court lacks the power to second-guess the pleading decisions of the parties—to search the record for claims that were not pleaded by the parties but that we might prefer to resolve." (cleaned up)).

### III. WE DO NOT REACH ROBINSON'S *ANDERS* ISSUES

¶38   As part of Robinson's opening brief, counsel describes four issues that Robinson "requested be included in" his appeal. Although counsel does not state that he views the issues as frivolous, he invokes *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clayton*, 639 P.2d 168 (Utah 1981), which establish the procedure to be followed when appointed counsel cannot identify a nonfrivolous issue for appeal and seeks to withdraw. Robinson's counsel recognizes that it is unnecessary to raise the *Anders* issues

---

[10] Robinson also contends that because he was appearing pro se in the district court, the court should have "accorded [him] every consideration that may be reasonably indulged." (Quoting *Noor v. State*, 2019 UT 3, ¶ 51 n.64, 435 P.3d 221 (cleaned up).) This is true, but it was far from apparent that construing Robinson's motion as a PCRA petition would have better advanced his cause. Rule 22(e) is more limited in scope, but it does not contain the procedural bars found in the PCRA for cognizable constitutional claims. *See generally* UTAH CODE § 78B-9-106; *see also Archuleta v. State*, 2020 UT 62, ¶ 34, 472 P.3d 950 ("[T]he PCRA's time and procedural bars do not apply to claims brought under rule 22(e).").

given that he identifies nonfrivolous issues for review, but he nevertheless invites the court to consider Robinson's issues should we "find that *Anders* applies."

¶39 In *Anders*, the U.S. Supreme Court designed "a prophylactic framework" intended to safeguard an indigent defendant's right to appellate counsel when counsel finds that the client's direct appeal is "wholly frivolous."[11] *See Smith v. Robbins*, 528 U.S. 259, 271, 273 (2000) (cleaned up); *see also Anders*, 386 U.S. at 744. In such a circumstance, and after "conscientious examination," counsel "should so advise the court and request permission to withdraw" "accompanied by a brief" "referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744; *accord Clayton*, 639 P.2d at 169–70.

¶40 This framework is "designed both to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeal to the best of their ability," and "to help the court make the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *Penson v. Ohio*, 488 U.S. 75, 82 (1988) (cleaned up). Because the impetus for filing an *Anders* brief is to receive the court's permission to withdraw on the ground that the appeal is frivolous, an *Anders* brief "is not expected to serve as a substitute for an advocate's brief on the merits." *See McCoy v. Wis. Ct. App., Dist. 1*, 486 U.S. 429, 439 n.13 (1988). Rather, the court reviews the brief to ensure that the indigent party received constitutionally adequate representation on appeal and to determine "whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *See id.* at 439.

¶41 We adopted the *Anders* framework in 1981, *see Clayton*, 639 P.2d at 169–70, and have since incorporated it into our appellate rules, *see* UTAH R. APP. P. 27(d)(3). Both authorities make clear that an *Anders* brief may be filed where appointed counsel determines there are no nonfrivolous issues to present. In *Clayton*, we stated that an *Anders* brief could be filed along with a motion to withdraw if, "after a conscientious examination," appointed counsel finds the case to be "wholly frivolous." *Clayton*, 639 P.2d at 169–70 (cleaned up). And rule 27(d)(3) of the Utah Rules of Appellate Procedure

---

[11] Because Robinson has been appointed counsel for purposes of his appeal from the denial of his rule 22(e) motion, we assume, without deciding, that the *Anders* framework applies in this context.

describes an *Anders* brief as one filed pursuant to *Anders* "in cases where counsel believes no nonfrivolous appellate issues exist."

¶42 Here, Robinson's counsel filed a hybrid brief in which he presented two issues he viewed as meritorious along with four issues presented at Robinson's request "pursuant to *Anders.*" Although we have no doubt that counsel's action is well intentioned, hybrid-*Anders* briefs are not allowed under our rules or precedent. As shown above, the *Anders* framework is properly invoked only where counsel determines an appeal is "wholly frivolous" and seeks to withdraw. Because neither condition was met here, *Anders* was not properly invoked, and thus we do not consider the four *Anders* issues included as part of Robinson's brief.[12]

**CONCLUSION**

¶43 The district court properly denied Robinson's rule 22(e) motion because his alleged grounds for correcting an illegal sentence are not cognizable under the plain language of the rule. And although Robinson's rule 22(e) motion is ultimately unsuccessful, the court did not err in construing that filing according to its caption and substance. Finally, we do not consider the four additional issues that Robinson raises pursuant to *Anders* because hybrid-*Anders* briefs are procedurally improper. We affirm.

---

[12] Although this is our first time weighing in on the appropriateness of hybrid-*Anders* briefing, our court of appeals has previously rejected such filings. *See State v. Balfour*, 2018 UT App 79, ¶ 20 n.5, 418 P.3d 79 (declining to consider *Anders* issues raised in a hybrid brief on the ground that the *Anders* framework did not apply); *Butterfield v. Cook*, 817 P.2d 333, 341 (Utah Ct. App. 1991) (declining to expand *Anders* to include cases which have both frivolous and nonfrivolous issues). *But see State v. Gomez*, 2015 UT App 283, ¶ 2, 363 P.3d 552 (per curiam) (reaching arguments raised in a hybrid-*Anders* brief and determining that the *Anders* issues were "wholly frivolous").