**2026 UT App 18**

## THE UTAH COURT OF APPEALS

MAZEN BAHSOUN,
Appellee,

*v.*

COLLEEN ELIZABETH MOONEY,
Appellant.

Per Curiam Opinion
No. 20251317-CA
Filed February 12, 2026

Third District Court, Salt Lake Department
The Honorable Richard Pehrson
No. 234901965

Colleen Elizabeth Mooney, Appellant Pro Se

David C. Blum, Attorney for Appellee

Virginia L. Sudbury, Guardian ad Litem

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N.
MORTENSEN, and JOHN D. LUTHY.

PER CURIAM:

¶1 Colleen Elizabeth Mooney seeks to appeal the divorce decree in the underlying case. This matter is before the court on its own motion for summary disposition based on lack of jurisdiction due to an untimely filed notice of appeal. We dismiss the appeal.

¶2 Generally, a notice of appeal must be filed within thirty days after the entry of a final order or judgment. *See* Utah R. App. P. 4(a); *Garver v. Rosenberg*, 2015 UT 39, ¶ 9, 347 P.3d 380. If a notice of appeal is not timely filed, this court lacks jurisdiction to consider the appeal. *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. The district court entered the divorce decree

on September 24, 2025. Mooney's notice of appeal was filed on October 25, 2025—thirty-one days after the entry of the decree.[1] Accordingly, the notice of appeal from the decree was not timely filed. Therefore, this court lacks jurisdiction and must dismiss the appeal. *Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649.

¶3 Despite this, Mooney contends that a document captioned "Respondent's Request for a New Trial and Reconsideration of Terms in Decree," which was filed on October 22, 2025, tolled the time to appeal pursuant to rule 4(b) of the Utah Rules of Appellate Procedure. Rule 4(b) provides that the time to file a notice of appeal from the judgment "runs from the entry of the dispositive order" resolving certain postjudgment motions. Utah R. App. P. 4(b)(1). Under the rule, "a motion for a new trial under Rule 59 of the Utah Rules of Civil Procedure" will toll the time to appeal. *Id.* R. 4(b)(1)(D). However, motions to reconsider and "other similarly titled motions will not toll the time for appeal because they are not recognized by [the] rules." *Gillett v. Price*, 2006 UT 24, ¶ 7, 135 P.3d 861.

¶4 "In our system, the rules provide the source of available relief." *Id.* ¶ 8. "[T]he form of a motion does matter because it directs the court and litigants to the specific, and available, relief sought." *Id.* Accordingly, "when a party seeks relief from a

---

1. Mooney asserts that her notice of appeal was not filed earlier because of technical difficulties experienced by her e-filing service provider and that her late filing should therefore be excused. However, "the filing date and time is not when the filer submits the document to their Service Provider. For purposes of electronic filing, the file date will be the date and time recorded when the filing was received and was posted by the court's electronic filing manager." *A.S. v. R.S.*, 2017 UT 77, ¶ 11, 416 P.3d 465 (cleaned up). "The filer is responsible for a timely filing. Best practice is to allow adequate time to file a time-sensitive document." *Id.* ¶ 12 (cleaned up).

judgment, it must turn to the rules to determine whether relief exists, and if so, direct the court to the specific relief available." *Id.* Mooney's document did not cite rule 59 in either the caption or the body of the request, and it was not identified as a motion within the rules of civil procedure. Although "an improper caption is not fatal to a motion," *State v. Robinson*, 2023 UT 25, ¶ 35, 540 P.3d 614 (cleaned up), a motion must have some substantive basis to enable a court to construe it as a motion within the rules, *id.* Here, Mooney's single-paragraph document requested a new trial and reconsideration without providing any rule or legal basis and without clearly relying on any of the grounds for a new trial set forth in rule 59. The document was insufficient to be construed, even generously, as a motion for a new trial under rule 59, and it therefore did not toll the time to appeal. Indeed, the district court struck the document as frivolous.

¶5    In sum, because Mooney's request for a new trial and reconsideration did not toll the time to appeal, her notice of appeal was untimely filed and this court lacks jurisdiction over this appeal. Accordingly, this appeal is dismissed.

———————